Willie STOKES, Appellant,

v.

The DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; The Attorney General of the State of Pennsylvania.

No. 99–1493.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2001

Filed April 17, 2001.

**540**

Mary Gibbons, Toms River, NJ, Counsel for Appellant.

Donna G. Zucker, Michele S. Davidson, Marilyn F. Murray, Thomas W. Dolgenos, Ronald Eisenberg, Arnold H. Gordon, Lynne Abraham, Office of the District Attorney, Philadelphia, PA, Counsel for Appellees.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

Willie Stokes appeals from an order of the District Court dismissing his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254, as time-barred. We address an issue of first impression for our court: Whether Stokes' time to file a federal habeas corpus petition under 28 U.S.C. § 2244(d)(1) was tolled under 28 U.S.C. § 2244(d)(2) for the ninety day period during which Stokes could have filed a petition for certiorari in the United States Supreme Court. We join all of the other Courts of Appeals to have decided this issue, holding that the ninety day period during which a certiorari petition may be filed does not toll the applicable statute of limitations. Accordingly, we will affirm the order of the District Court.

### I.

On August 21, 1984 Stokes was convicted, following a jury trial in a Pennsylvania state court, of first degree murder and possession of an instrument of crime. He was sentenced to life imprisonment for the murder and to a concurrent term of years on the weapons count.

Stokes' conviction was affirmed on direct appeal in 1986 and the Pennsylvania Supreme Court denied his petition for allocatur in 1987. Shortly thereafter, Stokes filed a petition for relief under Pennsylvania's Post Conviction Hearing Act, 42 Pa. Const. Stat. § 9541 *et seq.* (repealed). Relief was denied in February 1991, and that decision was affirmed by the Pennsylvania Superior Court. Stokes did not file a petition for allocatur in the Pennsylvania Supreme Court.

On October 30, 1995, Stokes filed a second post-conviction request for relief pursuant to the Post Conviction Relief Act, 42 Pa. Cons. Stat § 9541 *et seq.* (1988). Relief was denied on January 3, 1996 and the denial was affirmed on December 26, 1996 by the Pennsylvania Superior Court. Allocator was sought and was denied by the Pennsylvania Supreme Court on July 2, 1997.

Stokes filed the petition for writ of habeas corpus underlying this appeal on September 30, 1998. The United States Magistrate Judge concluded that Stokes' petition was time-barred under the provisions of 28 U.S.C. § 2244(d)(1) and that Stokes had failed to establish any circumstance warranting application of equitable tolling. The District Court adopted the report and recommendation of the Magistrate Judge, dismissed the petition as time-barred, and denied a certificate of appealability.

Stokes filed a timely appeal. On September 14, 2000 we granted a certificate of appealability as to the limitations issue posed by Stokes' petition. This issue is

one of statutory construction subject to plenary review.

## II.

In the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by adding a one year statute of limitations for the filing of habeas corpus petitions. Section 2244(d)(1) provides in relevant part:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

* * * *

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Although the statute itself did not provide for one, most courts of appeals, including ours, implied a one year grace period for petitioners whose convictions became final before the effective date of the AEDPA. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998). Because Stokes' conviction became final in 1987, he was entitled to the grace period and, on the basis of that grace period alone, would have been required to file his section 2254 petition on or before April 23, 1997.

This April 23, 1997 date is not controlling here, however, because when the AEDPA amendments became effective, Stokes was actively pursuing a state collateral action. As a result, his time for filing the federal habeas petition at issue here was tolled under 28 U.S.C.§ 2244(d)(2), so long as the state petition was pending. As the defendants note, "[T]he question here is when the [state collateral proceeding] ceased to be 'pending.' "

According to the defendants, that state proceeding ceased to be pending on July 2, 1997, the date on which the Pennsylvania Supreme Court denied Stokes' petition for allocator. Under this view, Stokes then had one year—until July 1, 1998—to file the federal habeas petition. Stokes' petition was not filed until September 30, 1998.

Stokes takes a different view, contending that the state proceeding should be deemed to have been pending for an additional ninety days after the Supreme Court of Pennsylvania declined to grant discretionary review—these ninety days being the period during which he could have sought further review by the United States Supreme Court.

## III.

Although we have yet to address the precise question posed here,[1] we do not find ourselves in uncharted legal territory.

---

**1.** In our decision in *Swartz v. Meyers,* 204 F.3d 417 (3d Cir.2000), we concluded that "pending" as that word is used in section 2244(d)(2) includes the time during which a petitioner seeks discretionary state court review, whether or not review is sought. Our holding in that case was tied to finality for purposes of habeas review: "If [the petitioner] had attempted to seek federal habeas relief while there was still time to seek allowance of appeal, the petition would be dismissed for failure to exhaust state remedies." *Id.* at 422. In *Swartz,* we specifically reserved for another day the issue which we confront in this appeal: "We need not delve into the issue whether 'pending' includes the time to file a petition for writ of certiorari in the United States Supreme Court because that question is not presented by this appeal. Other courts have addressed this issue and find that the time does not toll." *Id.* at 421 n. 5.

Arguments similar to the one raised here by Stokes have been considered by a number of our sister courts of appeals. These courts have concluded, without exception, that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2). *See Snow v. Ault,* 238 F.3d 1033 (8th Cir. 2001); *Gutierrez v. Schomig,* 233 F.3d 490 (7th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1421, 149 L.Ed.2d 361 (2001); *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001); *Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir. 2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir.1999), *cert. denied,* 528 U.S. 1084, 120 S.Ct. 808, 145 L.Ed.2d 681 (2000). We now join these courts of appeals and conclude that Stokes' petition was properly dismissed as time-barred.

We reach this conclusion for several reasons. First, we note that the language used in section 2244(d)(1)(A) differs from that found in section 2244(d)(2). "[U]nlike § 2244(d)(1)(A), which uses the phrase 'became final by . . . expiration of the time for seeking [direct] . . . review,' a phrase that . . . takes into account certiorari proceedings, § 2244(d)(2) contains no such language." *Snow v. Ault,* 238 F.3d at 1035 (citation omitted). We agree with the Court of Appeals for the Sixth Circuit:

[I]t seems clear that Congress intended to exclude potential Supreme Court review as a basis for tolling the one year limitations period. *See Hohn v. United States,* 524 U.S. 236, 249–50, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998) (observing that by including particular language in one section of an act but omitting it in another section of the same act, it is presumed that Congress intended to exclude the language).

*Isham v. Randle,* 226 F.3d at 695. This reading of section 2244(d)(2) is consistent with the requirement that a petitioner exhaust state remedies prior to instituting a federal habeas petition. "Such exhaustion does not include seeking certiorari from the state court's denial of post-conviction relief." *Snow v. Ault,* 238 F.3d at 1036.

The result is also consistent with our precedent construing section 2244(d)(2). In *Jones v. Morton,* 195 F.3d 153 (3d Cir.1999), we considered whether a pending properly filed habeas petition tolls the statute of limitations under section 2244(d)(2) for purposes of filing a subsequent federal habeas petition.[2] We concluded that it does not:

Congress clearly intended that the word "State" would be read to modify both "post conviction" and "other collateral review" so that tolling would be afforded under § 2244(d)(2) for various forms of state review only. We find nothing in § 2244(d)(2)'s language or legislative history, and nothing in the policy concerns behind AEDPA's enactment to suggest a contrary result.

*Id.* at 159. Our conclusion in *Jones* supports the conclusion here that the statute

---

**2.** There is a split in the circuits with regard to the issue decided in Jones. This split is highlighted in *Walker v. Artuz,* 208 F.3d 357 (2d Cir.2000), *cert. granted in part by Duncan v. Walker,* —— U.S. ——, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000). The Supreme Court has agreed to deter mine whether a prior federal habeas corpus petition is an "application for State-post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2).

of limitations was not tolled during the period when Stokes could have sought review in the Supreme Court.

Finally, we note the reasoning undertaken by the Court of Appeals for the Seventh Circuit in *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir.2000). There, the Court of Appeals held, as we do here, that the ninety days during which a petitioner could have filed a petition for certiorari in the United States Supreme Court did not toll the limitations period set forth in section 2244(d)(2). The Seventh Circuit's holding was narrower than the holdings of other courts to have considered this issue. The court in *Gutierrez* wrote:

> Section 2244(d)(2) ... provides that the limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."
>
> * * * *
>
> Because Gutierrez never filed a petition for certiorari review in the Supreme Court, his potential certiorari petition was never "properly filed." ... [I]nstead of excluding time a pleading could have been filed, Congress explicitly required a "properly filed" pleading to toll the statute of limitations. Gutierrez did not properly file a petition for certiorari and, thus, the one-year limitations period was not tolled during the time [in] which he could have filed such a petition. Likewise, a petition for certiorari that is not actually filed cannot reasonably be considered "pending."

233 F.3d at 491–92.

Stokes, like *Gutierrez*, never filed a petition for certiorari. Consequently, the reasoning underlying the decision in *Gutierrez* applies here as well, providing an alternate ground for our conclusion that Stokes' petition for a writ of habeas corpus was properly dismissed as untimely.

## IV.

For the foregoing reasons, we hold that the ninety day period during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year limitations period set forth at 28 U.S.C. § 2244(d)(2). Accordingly, we will affirm the order of the District Court.