

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# Miller v. Dragovich

Precedential or Non-Precedential: Precedential

Docket No. 00-1465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Miller v. Dragovich" (2002). *2002 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 25, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1465

KENNETH MILLER,

Appellant

v.

MARTIN DRAGOVICH; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA PA;
THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 99-05068)
Honorable Clarence C. Newcomer, District Judge

Argued October 17, 2002

BEFORE: ROTH and GREENBERG, Circuit Judges, and
WARD, District Judge*

(Filed: November 25, 2002)

Ramy I. Djerassi (argued)
1515 Market Street, Suite 1915
Philadelphia, PA 19102

Attorney for Appellant

_____

* Honorable Robert J. Ward, Senior Judge of the United States District
Court for the Southern District of New York, sitting by designation.

Robert M. Falin (argued)
Assistant District Attorney
Jeffrey M. Krulik Esq.
Assistant District Attorney
David Curtis Glebe
Assistant District Attorney
Thomas W. Dolgenos
Chief, Federal Litigation
Ronald Eisenberg
Deputy District Attorney
Law Division
Arnold H. Gordon
First Assistant District Attorney
Lynne Abraham
District Attorney

          1421 Arch Street
          Philadelphia, PA 19102-1582

           Attorneys for Appellees

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter comes on before this court on an appeal from an order entered on April 3, 2000, dismissing appellant Kenneth Miller's petition for habeas corpus under 28 U.S.C. S 2254 on the ground that it was not timely. The circumstances of the case are straightforward. Miller shot and killed Carey McCrae in Philadelphia on August 26, 1984, and as a consequence a jury convicted him on October 29, 1986, in the Philadelphia Common Pleas Court of murder in the first degree and possession of an instrument of a crime. The jury subsequently set the penalty for the murder at life imprisonment following which the court imposed this sentence along with a concurrent sentence of one to two years on the possession count. Miller appealed but the Superior Court of Pennsylvania affirmed his conviction on September 11, 1990. See Commonwealth

                            2

v. Miller, 583 A.2d 833 (Pa. Super. Ct. 1990) (table).1 Inasmuch as Miller did not seek allocatur from the Pennsylvania Supreme Court, the direct proceedings in his prosecution ended with the Superior Court's decision.

On April 27, 1995, Miller filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. S 9541 (1998), in the Common Pleas Court. That court, after appointing counsel for Miller who filed an amended petition, denied him relief on September 19, 1996. Miller appealed but the Superior Court affirmed the denial of relief on August 28, 1997, see Commonwealth v. Miller, 704 A.2d 164 (Pa. Super. Ct. 1997) (table), and the Pennsylvania Supreme Court denied allocatur on June 22, 1998, see Commonwealth v. Miller, 725 A.2d 180 (Pa. 1998) (table). Miller then filed a timely petition for certiorari which the Supreme Court of the United States denied on November 9, 1998. See Miller v. Pennsylvania, 565 U.S. 985, 119 S.Ct. 451 (1998).

On October 14, 1999, more than one year after the Supreme Court of Pennsylvania denied his petition for allocatur but less than one year after the Supreme Court of the United States denied his petition for certiorari, Miller filed his petition for habeas corpus. In his petition he alleged various constitutional errors which, in view of our disposition of this appeal, we need not describe. The district court referred the petition to a magistrate judge who filed a report and recommendation suggesting that the court dismiss it as untimely. The district court accepted the

recommendation and denied Miller's petition by an order and memorandum dated March 28, 2000, and entered April 3, 2000. In its memorandum the court adopted the magistrate judge's order but nevertheless explained itself why the petition was untimely. The court pointed out that under 28 U.S.C. S 2244(d)(1), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there was a one-year period of limitation

_____

1. Miller had appealed earlier but the Superior Court dismissed this appeal as he did not file a brief. He then filed a petition for post-conviction relief which resulted in his obtaining an order allowing him to appeal nunc pro tunc which he did.

3

governing a petition for habeas corpus filed by a person "in custody pursuant to the judgment of a State court" and that the limitation period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The court observed that section 2244(d)(1) became effective on April 24, 1996, but noted that we provided in Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998), that there would be a one-year grace period following its enactment in cases in which a prisoner's conviction had become final before April 24, 1996. Thus, inasmuch as Miller's conviction became final on October 11, 1990,[2] the court indicated that ordinarily he would have had until April 23, 1997, to file his petition in the district court.

The court explained, however, that the April 23, 1997 date had been extended because Miller filed his state post-conviction petition in April 1995, and it was pending when 28 U.S.C. S 2244(d)(1) became effective. The circumstance that the state proceeding was pending was significant because 28 U.S.C. S 2244(d)(2) provides that"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

4

pertinent judgment or claim is pending shall not be counted toward any period of limitation under [28 U.S.C. S 2244(d)(1).]"3 The court said that section 2244(d)(2) tolling was applicable until June 22, 1998, when the Supreme Court of Pennsylvania denied allocatur and accordingly the court concluded that, absent further tolling, Miller had been required to have filed his habeas corpus petition on or before June 21, 1999, for it to be timely. In making these calculations the court did not mention Miller's petition for certiorari. Of course, inasmuch as Miller filed his petition on October 14, 1999, it was untimely according to the district court.

Finally the district court considered Miller's contention that he was entitled to tolling beyond the period allowable under section 2244(d)(2). In this regard Miller contended that he was entitled to equitable tolling because he had been delayed in the prosecution of his petition for habeas corpus by his need to engage a private investigator. The court rejected this argument on the ground that Miller had not been diligent and thus it entered the order denying the petition.

Miller then appealed and sought a certificate of appealability pursuant to 28 U.S.C. S 2253(c)(1)(A) which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." This court denied the petition with an order reading as follows:

> The foregoing request for certificate of appealability is denied, as the District Court correctly concluded that the claims raised in Mr. Miller's petition pursuant to 28 U.S.C. S 2254 are barred under the applicable one-year statute of limitations. See 28 U.S.C. S 2244(d)(1); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998); Stokes v. District Attorney of the County of Philadelphia, no. 99-1493, slip op. (3d Cir. April 17, 2001). Appellees' motion to file their response nunc pro tunc is granted.

5

Miller then petitioned for panel rehearing leading us to enter an order providing that "[t]he certificate of appealability is granted with respect to the issue pertaining

to Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539 (3d Cir. 2001), and the matter is referred to a merits panel."

II. JURISDICTION AND STANDARD OF REVIEW

Miller raises two points on this appeal. First, he contends that the "actual filing of a petition for writ of certiorari tolls the time to apply for writ of habeas corpus under the AEDPA at 28 U.S.C. S 2244(d)(1)(A)." As will be seen this point implicates our holding in Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539 (3d Cir. 2001), cited in both our original order denying a certificate of appealability and our order granting rehearing. Of course, inasmuch as Miller filed his petition for habeas corpus more than one year after the Supreme Court of Pennsylvania denied him allocatur but less than one year after the Supreme Court of the United States denied his petition for certiorari acceptance of his argument would mean that his petition was timely. Miller's second point is that he is entitled to equitable tolling because in prosecuting his habeas petition he "has demonstrated vigilance, tenacity and tremendous effort" but has been confronted with "an unfortunate minefield of conflicting statutes, circuits, linguistics and mindsets." Br. of Appellant at 19-20. We, however, will not consider the equitable tolling argument as it is not within the scope of the issue on which we granted a certificate of appealability. See Banks v. Horn, 271 F.3d 527, 535 n.7 (3d Cir. 2001). To the extent that we exercise jurisdiction we do so on the basis of 28 U.S.C. SS 1291 and 2253(c)(1)(A) and our review is plenary. See Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997).

III. DISCUSSION

As we set forth above we are concerned on this appeal with the applicability of Stokes and thus we commence our discussion by describing that opinion. In Stokes  the

6

petitioner, Stokes, had been convicted at a jury trial in Pennsylvania in proceedings completed on direct appeal in 1987. After he initially was unsuccessful in a state post-conviction relief proceeding he filed a second petition for such relief but the state trial court denied that petition on January 3, 1996. He appealed from that denial but the Superior Court affirmed the denial on December 26, 1996, and the Supreme Court of Pennsylvania denied allocatur on July 2, 1997. Stokes did not petition for certiorari but on September 28, 1998, filed a petition for habeas corpus in the district court under 28 U.S.C. S 2254. The district court held that the petition was untimely under 28 U.S.C. S 2254(d)(1) and therefore denied Stokes relief. Stokes then filed a timely appeal.

We granted a certificate of appealability, framing the issue before us as follows: Was "Stokes' time to file a

federal habeas corpus petition under 28 U.S.C. S 2244(d)(1)
. . . tolled under 28 U.S.C. S 2244(d)(2) for the ninety day
period during which Stokes could have filed a petition for
certiorari in the United States Supreme Court." Stokes, 247
F.3d at 540. Our answer was clear: "We join all of the other
Courts of Appeals to have decided this issue, holding that
the ninety day period during which a certiorari petition may
be filed does not toll the applicable statute of limitations."
Id. Thus, we affirmed the order of the district court denying
the petition on timeliness grounds.

After citing the numerous cases consistent with the
result we were reaching, id. at 542, we explained our
reasons for our conclusion as follows. First, we pointed out
that the tolling provision for "State post-conviction or other
collateral review" proceedings in section 2244(d)(2) differed
from section 2244(d)(1)(A) as the latter section indicated
that the limitation period would run from the time"the
judgment became final by the conclusion of direct review or
the expiration of the time for seeking such review." Section
2244(d)(2) did not have parallel language as it merely
excluded the time during which the state proceeding"is
pending" for computation of the limitations period. Stokes,
247 F.3d at 542. Next we pointed out that our reading of
section 2244(d)(2) was consistent with "the requirement
that a petitioner exhaust state remedies prior to instituting

a federal habeas petition." Id. Then we stated that our
result was consistent with our holding in Jones v. Morton,
195 F.3d 153, 159 (3d Cir. 1999), in which we held that a
properly filed federal habeas petition did not toll the statute
of limitations under section 2244(d)(2) for filing a
subsequent federal habeas petition as "State" in "State
post-conviction or other collateral review" modifies both
"post-conviction" and "collateral review." Finally, we held
that, in any event, there would not be tolling under section
2244(d)(2) as Stokes in fact had not filed a petition for
certiorari. Stokes, 247 F.3d at 543.4

Miller understandably seeks to distinguish Stokes on the
ground that, unlike Stokes, he actually filed a petition for
certiorari. Thus, he contends that "[a]n actually filed
petition for writ of certiorari following denial of[state post-
conviction relief] is a petition for direct review of a state
judgment which is not final until the direct review process
itself is over." Brief of Appellant at 15. In making this
argument he argues that "the applicable AEDPA subsection
in this case is S 2244(d)(1)(A)," Brief of Appellant at 11, thus
contending that somehow we are dealing with a "direct
review" of his conviction. In support of his argument he
cites Kapral v. United States, 166 F.3d 565, 577 (3d Cir.
1999), in which we held that within 28 U.S.C. S 2255 a
"'judgment of conviction becomes final' . . . on the later of
(1) the date on which the Supreme Court affirms the
conviction and sentence on the merits or denies the
defendant's timely filed petition for certiorari, or (2) the date
on which the defendant's time for filing a timely petition for

certiorari review expires."[5]Kapral, however, does not help Miller because a court by answering the question of when a federal judgment of conviction becomes final on direct

---

4. In Nara v. Frank, 264 F.3d 310, 318 (3d Cir. 2001), we indicated that in Stokes our opinion was based "in part because Stokes had not filed a petition for certiorari review." We did not suggest however, that our result would have been different if he had done so.

5. We also held that if a defendant does not pursue a timely direct appeal to the court of appeals the conviction becomes final "on the date on which the time for filing such an appeal expired." Kapral, 166 F.3d at 577. We are not concerned, however, with this aspect of the holding here.

8

appeal does not answer the very different question of whether "a properly filed application for State post-conviction or other collateral review . . . is pending" under section 2244(d)(2) when the proceedings in the state courts have been completed and only a petition for certiorari is pending.

Miller's brief makes clear that he is attempting to place his argument under section 2244(d)(1)(A) rather than section 2244(d)(2) as he acknowledges that in Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001), the Supreme Court "virtually closed the door on a petition for certiorari qualifying under S 2244(d)(2)" as a tolling mechanism. Brief of Appellant at 12. We agree with Miller's understanding of the impact of Duncan except that we would omit the word "virtually" from our description of its effect. After all, the Court in Duncan held, just as we earlier had held in Jones, that a properly filed and pending section 2255 petition in a federal court would not toll the statute of limitations under section 2244(d)(2) because the word "State" in that section applied to the complete phrase "post-conviction or other collateral review." Duncan, 533 U.S. at 175, 121 S.Ct. at 2126. Thus, the Court indicated that Congress by omitting the word "Federal" in the section demonstrated that it "did not intend properly filed applications for federal review to toll the limitations period." Id. at 2125. To avoid Duncan we would have to hold that Congress intended to distinguish between the exercise of Supreme Court certiorari jurisdiction and federal habeas corpus jurisdiction in enacting section 2244(d)(2). Inasmuch as we would not be justified in reaching that conclusion as it would require us in effect to rewrite section 2244(d)(2) we are constrained to affirm the order denying Miller's petition.[6]

In reaching our result we have not overlooked our opinion in Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000), in which we held that a petition brought under the Pennsylvania Post Conviction Relief Act is "properly filed" and "pending" for purposes of section 2244(d)(2) during the

6. We do not consider what our result might have been if the Supreme Court had granted certiorari. See Coleman v. Davis, 175 F. Supp. 2d 1109 (N.D. Ind. 2001).

time between the Superior Court's ruling on the petition and the expiration of time for seeking an allowance of appeal from the Pennsylvania Supreme Court even though the petitioner did not file a timely request for allowance of appeal to the Pennsylvania Supreme Court. Id. at 418. In Swartz we looked to our ruling in Kapral and applied its definition of finality under section 2255 in determining the meaning of "pending" for purposes of section 2244(d)(2). Swartz, however, did not address the relationship between the state courts and the federal courts, in particular the Supreme Court of the United States when a petitioner seeks a writ of certiorari from it and thus is not of assistance here.

Nor have we overlooked our opinion in Morris v. Horn, 187 F.3d 333 (3d Cir. 1999).[7] In Morris we stated that the statute of limitations did not begin to run on a habeas corpus petition a state petitioner filed under section 2254 until the Supreme Court of the United States denied his petition for certiorari seeking review of a Pennsylvania Supreme Court decision affirming the denial of the first of the petitioner's two post-conviction petitions. Id. at 336-37. In Morris, however, the respondent did not contend that the habeas petition was untimely and, in fact, the petition was timely as the petitioner filed it within one year of the Supreme Court of Pennsylvania's decision.[8]  The actual issue in Morris was whether we should grant a certificate of appealability which determination turned on whether the district court erred in denying the petitioner's Fed. R. Civ.

_____

7. We note that Miller has not cited Morris  in either of his briefs.

8. In fact the Supreme Court of Pennsylvania ruled on October 30, 1996, and the petitioner filed his habeas petition on October 27, 1997, even though the Supreme Court of the United States denied certiorari on June 23, 1997. It is obvious, therefore, that the petitioner in Morris did not rely on a construction of section 2244(d)(2) supporting a conclusion that the time for his petition was tolled during the time his petition for certiorari was pending. Indeed, inasmuch as his petition for habeas corpus was timely without regard for the filing of his petition for certiorari and was filed immediately prior to the expiration of one year from the decision of the Supreme Court of Pennsylvania it might be inferred that he or his attorney construed section 2244(d)(2) just as we do today.

P. 60(b) motion in which he sought relief from an order dismissing his habeas corpus petition. Id. at 341. The petitioner by his motion sought to have his habeas corpus petition held in abeyance to preclude the statute of

limitations from running on it in the event that the state courts held that his second petition for post-conviction relief was not timely and thus was not properly filed for purposes of section 2244(d)(2). Therefore, Morris cannot control our outcome.9

While we are aware that in most cases petitioners seeking tolling after the final state court opinion in fact have not filed petitions for certiorari, to the extent the courts have considered cases in which petitioners have filed such petitions they have reached the same result we do today. See Crowley v. Catoe, 257 F.3d 395 (4th Cir. 2001); Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999); cf . White v. Klitzkie, 281 F.3d 920 (9th Cir. 2002) (petition for certiorari to court of appeals under 48 U.S.C. S 1424-2 to review a decision of the Supreme Court of Guam is a federal proceeding and thus does not toll time under section 2244(d)(2) for filing habeas petition). We find these cases convincing and reach the same conclusion as the courts did there.

In closing we make one final point. We recognize that it is conceivable that the Supreme Court might grant a petition for certiorari to review a decision of a state supreme court in a post-conviction relief or other collateral review proceeding and that a petitioner nevertheless in order to avoid the bar of section 2244(d)(1) might file a federal habeas corpus petition that could be pending at the same time that the Supreme Court is considering the petitioner's appeal on the merits. As a practical matter we doubt that such a situation would be common. In any event, we think that a district court considering the habeas

---

9. In Morris inasmuch as the petitioner could not make a credible showing that the district court's denial of the Rule 60(b) motion was erroneous we denied a certificate of appealability and dismissed the appeal. Morris, 187 F.3d at 344. We point out, however, that even if we had reached a different result Morris would not be instructive on the issue involved here.

11

petition in such circumstances would stay the proceedings before it pending the Supreme Court's disposition of the case. Cf. Coleman v. Davis, 175 F. Supp. 2d 1109, 1110 (N.D. Ind. 2001) (staying federal habeas proceedings pending final resolution of state post-conviction proceedings remanded to state supreme court by Supreme Court of United States). Thus we cannot believe our result ever will lead to a habeas decision inconsistent with a Supreme Court opinion rendered in a parallel proceeding upon the grant of certiorari to review a decision of a state supreme court.

IV. CONCLUSION

For the foregoing reasons we will affirm the order of April 3, 2000.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit