

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2003

# Hubley v. Supt SCI Camp Hill

Precedential or Non-Precedential: Non-Precedential

Docket 01-1025

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hubley v. Supt SCI Camp Hill" (2003). *2003 Decisions.* Paper 887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1025
_____

MARC W.W. HUBLEY,

Appellant

v.

SUPERINTENDENT, SCI CAMP HILL; DISTRICT ATTORNEY OF DAUPHIN
COUNTY; and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF
PENNSYLVANIA

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 00-cv-1180
District Judge: Edwin M. Kosik
_____

Submitted under Third Circuit L.A.R. 34.1(a)
December 3, 2002

Before: ROTH, SMITH and CUDAHY, Circuit Judges.

(Filed: January 10, 2003 )

Peter Goldberger
50 Rittenhouse Place
Ardmore, PA 19003-2276

    Counsel for Appellant

James P. Barker

                                    Francis T. Chardo II

Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, PA  17101

    Counsel for Appellees

_____

OPINION OF THE COURT
_____

D. BROOKS SMITH, Circuit Judge
     In October of 1992, petitioner-appellant Marc W.W. Hubley was convicted in the
Court of Common Pleas of Dauphin County, Pennsylvania, of first degree murder and
recklessly endangering another person.  He was sentenced to life in prison.  After
exhausting his direct appeals in 1994, petitioner began to seek State collateral review with

the filing of a pro se Post Conviction Review Act ("PCRA") petition on or about January 7, 1997. That petition was denied on August 3, 1998. After that denial was affirmed by the Pennsylvania Superior Court, the Supreme Court of Pennsylvania denied allocatur on December 16, 1999. Petitioner did not petition the Supreme Court of the United States for a writ of certiorari to review that judgment.

On June 30, 2000, petitioner sought a writ of habeas corpus from the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. 2254. After respondent protested that the petition was untimely and barred by the one-year statute of limitations effected by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. 2244(d)(1), the District Court entered an order dismissing the petition.

On appeal, petitioner originally argued that his habeas petition was timely because the statute of limitations was tolled, pursuant to 28 U.S.C. 2244(d)(2), during the 90 day period when petitioner might have sought a writ of certiorari from the United States Supreme Court. However, after petitioner filed his notice of appeal on December 22, 2000, this Court issued its opinion in Stokes v. District Attorney of Philadelphia, 247 F.3d 539 (3d Cir. 2001), cert. denied, 122 S. Ct. 364 (2001), holding that the time during which a state prisoner might file a petition for writ of certiorari to the United States Supreme Court does not toll the AEDPA statute of limitations, especially where the state prisoner fails to file such a petition. See id. at 542-43. The Stokes ruling, therefore, deprived petitioner of the issue he had hoped to raise on appeal.

In response to the Stokes decision, petitioner sought, and this Court granted, an order certifying an additional issue for appeal. See Order, Hubley v. Superintendent, SCI Camp Hill, No. 01-1025 (3d Cir. Mar. 15, 2002). Therefore, petitioner now argues that even if 28 U.S.C. 2244(d)(2) did not toll the statute of limitations, the limitations period should nevertheless be equitably tolled for a further 120 days because of the legal uncertainty that existed prior to Stokes. Petitioner's brief further contests any application of the AEDPA's statute of limitations to his conviction, which predated the effective date of that Act, stating this question was "[n]ecessarily included" within the other issues presented. Petitioner thus argues that application of the statute of limitations to him would result in an impermissibly retroactive application of that law.

Our review of a district court's construction of the AEDPA is plenary. See Stokes, 247 F.3d at 541. Because petitioner's retroactivity argument is not within the scope of the issues upon which we granted certificates of appealability, we decline petitioner's request to grant a further certificate for that issue. Further, we are bound to follow our holding in Stokes, a holding we very recently extended in Miller v. Dragovich, 311 F.3d 574 (3d Cir. 2002). Finally, petitioner has failed to demonstrate that equitable tolling would be appropriate. The District Court will be affirmed.

I.

The jurisdiction of an appellate court to review a final order in a habeas corpus proceeding in which the detention arises from process issued by a State court is limited by 28 U.S.C. 2253(c). See Morris v. Horn, 187 F.3d 333, 339 (3d Cir. 1999). A "certificate of appealability in a case brought under 2253(c)(2) may issue, in the literal language of the statute, 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (en banc) (quoting 28 U.S.C. 2253 (c)(2)), cert. denied, 121 S. Ct. 861 (2001). Where an applicant fails to make such a showing, "we do not have jurisdiction to review the merits of Appellant's case." Id. at 268; see also Szuchon v. Lehman, 273 F.3d 299, 311 (3d Cir. 2001) ("issuance of a certificate of appealability is a jurisdictional requirement"); United States v. Brooks, 230 F.3d 643, 646 (3d Cir. 2000), aff'd on reh'g, 245 F.3d 291 (3d Cir. 2001).

A certificate of appealability may only be granted "to review non-constitutional questions [where] the issue is procedural and the underlying petition raises a substantial constitutional question." Brooks, 230 F.3d at 646. Petitioner's certificates of appealability arose from non-constitutional questions related to the procedures effected by the AEDPA. However, the underlying habeas petition raises numerous constitutional issues, including violations of the Fifth, Sixth, and Fourteenth Amendments, compelled self-incrimination, and the ineffective assistance of counsel. Respondents did not answer and contest that these violations would be substantial. In these circumstances, where it is unrebutted that the underlying petition alleges "substantial constitutional question[s]," id.

at 646, we have jurisdiction to consider petitioner's appeal of these procedural questions. See Miller v. Dragovich, 311 F.3d at 575-76, 577.

## II.

Petitioner argues for the first time on appeal that applying the AEDPA to him would give the statute an unconstitutional retroactive effect. However, unless a certificate of appealability is granted on the "specific issue or issues" a petitioner seeks t appeal, 28 U.S.C. 2253(c)(3), "an appeal may not be taken to the court of appeals" that "arises out of process issued by a State court." Id. 2253(c)(1)(A). Neither of the certificates of appealability granted to petitioner included this "retroactive effect" argument. In fact, petitioner concedes that this question was not raised in the District Court.

Instead, petitioner argues that such a "predicate question" was "necessarily included" in the other issues raised. We disagree. Both the Supreme Court and this Court have applied the AEDPA's statute of limitations to convictions that predate the AEDPA's effective date. See, e.g., Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153, 157-58 (3d Cir. 1999) (petitioner whose proceeding was "final" prior to the effective date of AEDPA must file within one year of passage); Stokes, 247 F.3d at 542 (filing a petition for certiorari does not toll the one-year statute of limitations); United States v. Chew, 284 F.3d 468, 471 n.2 (3d Cir. 2002) (noting petitions based on final convictions preceeding the effective date of the AEDPA have one year from the Act's effective date to petition). In Duncan, the Supreme Court went so far as to reverse a court of appeals decision that inappropriately directed the tolling and extension of the AEDPA's one-year statute of limitations. See Duncan, 533 U.S. at 181-82. It was evidently not necessary to address the novel proposition that petitioner advances. We therefore do not view this issue as "predicate" to the other questions petitioner raises to this Court.

In the alternative, petitioner invites this Court to review this issue by granting a certificate of appealability. See, e.g., Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). However, the Rules of this Court provide that if a "district court grants a certificate of appealability as to only some issues, the court of appeals will not consider uncertified issues unless petitioner first seeks, and the court of appeals grants, certification of additional issues." 3d Cir. LAR 22.1(b) (2002). Such an application must be made "within 21 days of the docketing of the appeal in the court of appeals." Id. In this case, we already granted the petitioner one certificate of appealability, out of time. We decline to do so again.

The District Court originally granted the petitioner a certificate of appealability to challenge its interpretation of the tolling provision of 28 U.S.C. 2253. The District Court did not, however, grant a specific request from the petitioner to also certify whether equitable tolling was appropriate. Thus, once this Court decided Stokes a decision that specifically answered the question contained in that original certificate of appealability petitioner was, for all practical purposes, left without a basis for appeal. Because petitioner had previously sought review of the still viable issue of the appropriateness of equitable tolling, on these unique facts, it was appropriate to grant a further certificate of appealability out of time.

In his briefs, petitioner now presents a wholly new theory for appeal. While petitioner could have presented this theory to respondent and this Court earlier, such as when he sought his certificate of appealability on the equitable tolling issue, he did not. Petitioner might also have filed "a separate motion for additional certification," as our Rules require, but he did not. 3d Cir. LAR 22.1(b). Petitioner offers no justification for these failures.

Further, this Court's Rules specifically provide that where there has been no certification of additional issues for appeal, "the parties should brief only the issues certified unless the merits panel directs briefing of any additional issues." See 3d Cir. LAR 22.1(b). Having complied with the Rules of this Court, respondent would therefore be prejudiced by not having briefed the merits of this new issue. An eleventh hour certificate of appealability is therefore not appropriate.

Contrary to petitioner's argument, it is not the stated "practice" of this Court to grant, sua sponte, certificates of appealability whenever a habeas petitioner wishes to raise a new argument on appeal. Such a general practice would plainly be inconsistent with the intent of Congress, as expressed through the plain text of 28 U.S.C. 2253(c).

See Board of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley, 458 U.S. 176, 190 n.11 (1982) ("Congress expresses its purpose by words. It is for us to ascertain neither to add nor to subtract, neither to delete nor to distort."). That practice would also be inconsistent with our Rules. See 3d Cir. LAR 22.1(b) ("the court of appeals will not consider uncertified issues").

Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), cited by petitioner, does not indicate otherwise. Coady involved a petitioner who, while representing himself pro se, filed a timely notice of appeal instead of seeking a certificate of appealability. Id. at 486. We decided to "construe [that timely] notice as a request for a certificate of appealability," id., and granted the certificate with respect to one, but not all, of the issues presented. Id. at 487. That is plainly not this case.

Instead, we will follow our procedure in Miller v. Dragovich, 311 F.3d at 577, and "will not consider the [retroactivity] argument as it is not within the scope of the issue on which we granted a certificate of appealability." Id. at 577.

                                III.

Petitioner's original certificate of appealability argued that the AEDPA's statute of limitations should be tolled for the 90 days during which he might have sought certiorari from the United States Supreme Court, though he did not, in fact, seek that review. However, in the interim between the granting of that certificate and the briefing of this appeal, this Court decided that question. See Stokes, 247 F.3d at 542. Shifting grounds, petitioner now argues that the Supreme Court's decision in Duncan v. Walker, 533 U.S. 167 (2001), indicates that Stokes was wrongly decided. In fact, Duncan supports the opposite conclusion, as recently recognized by this Court. See Miller v. Dragovich, 311 F.3d at 579.

At its core, Duncan holds "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. 2244(d)(2)." 533 U.S. at 181. The Court reached that determination by noting that 2244(d)(2) "employs the word 'State,' but not the word 'Federal.'" Id. at 173. Thus, whatever dicta Duncan might contain which petitioner contends is supportive, this Court interprets Duncan to "close[] the door on a petition for certiorari qualifying under 2244(d)(2) as a tolling mechanism." See Miller v. Dragovich, 311 F.3d at 579 (quotation omitted).

Nonetheless, even assuming arguendo petitioner's broader reading of 2244(d)(2) is correct, petitioner would still need to show that the State collateral review was "pending" even though petitioner never sought certiorari. 28 U.S.C. 2244(d)(2). The Supreme Court's most recent interpretation of 2244(d)(2), Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002), indicates that the alternative holding in Stokes that State post-conviction review is not "pending" if a certiorari petition is not actually filed, see Stokes, 247 F.3d at 543 was also correct.

In Saffold, the Supreme Court resolved that the 2244 statute of limitations continues to toll during the intervals between a defendant receiving a state court decision on his collateral review, and the filing of any appeals relating to that decision. 122 S.Ct. at 2138-41. After articulating that rule, the Court sought to apply it to that case. Id. at 2141. In doing so, the Supreme Court stated, "It remains to ask whether Saffold delayed 'unreasonably' in seeking California Supreme Court review. If so, his application would no longer have been 'pending' during this period." Id. (emphasis added). In other words, the Court noted that the AEDPA statute of limitations would not automatically be tolled for whatever "reasonable" period California law allowed to appeal a post-conviction review. Rather, Saffold was required to actually seek that review, and do so within that reasonable period, in order for the 2244 one year statute of limitations to toll.

Even if "State post-conviction or other collateral review" of 28 U.S.C. 2244(d)(2) included appeal to the United States Supreme Court, Hubley did not file a petition for certiorari. Thus, under the Third Circuit's Stokes decision, which Saffold supports, this failure to seek certiorari within the 90 days allotted means that petitioner's state collateral review was not pending, and the AEDPA's one-year statute of limitations was not tolled, for that period. Stokes, 247 F.3d at 543. Therefore, the District Court should be affirmed.

                                IV.

Finally, petitioner argues that equity demands that additional tolling should be

permitted for all criminal defendants whose convictions became final prior to the AEDPA and before Stokes. We disagree.

First, petitioner argues that this Court has the equitable power to toll the statute of limitations. This Court has already concluded that because the statute of limitations in the AEDPA is "not a jurisdictional bar," equitable tolling of that statute of limitations is permissible where appropriate. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Thus, the Third Circuit has already adopted various equitable tolling rules in conjunction with the AEDPA. See, e.g., United States v. Miller, 197 F.3d 644, 653 (3d Cir. 1999); Fahy v. Horn, 240 F.3d 239 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001).

However, while petitioner is correct that this Court can equitably toll, the petitioner does not convincingly argue we should do so instantly. A "statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (internal quotation omitted). However, the cases petitioner relies upon are distinguishable as rules developed for pro se or death penalty habeas petitioners. See Fahy, 240 F.3d at 244-45 (death penalty conviction); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) (pro se petitioner); United States v. Miller, 197 F.3d 644 (3d Cir. 1999) (pro se petitioner).

> As the Supreme Court has repeatedly stated, however, "death is different." See Caldwell v. Mississippi, 472 U.S. 320, 329, 105 S.Ct. 2633, 2639, 86 L.Ed.2d 231 (1985) . . . . In a capital case . . . the consequences of error are terminal, and we therefore pay particular attention to whether principles of "equity would make the rigid application of a limitation period unfair" and whether the petitioner has "exercised reasonable diligence in investigating and bringing [the] claims." Miller, 145 F.3d at 618.

Fahy, 240 F.3d at 244-45. Likewise, this Court recognizes the special vulnerability of pro se petitioners through special "prospective" rules that prevent the "trap [of] unwary petitioners." See, e.g., United States v. Miller, 197 F.3d 644, 651-52 (3d Cir. 1999).

By contrast, petitioner fails to make a compelling case that equity demands tolling in his circumstance. "[E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Id. (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994)). The "petitioner must 'show that he or she exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient." Robinson v. Johnson, __ F.3d __, 2002 WL 31546341, at *12 (3d Cir. 2002) (quoting Miller, 145 F.3d at 618-19 (internal quotations omitted)).

Critically, nowhere does petitioner attempt to explain why he and his admittedly "experienced, relatively knowledgeable counsel"  at least out of an abundance of caution in light of the contrary authority that existed in other Circuits, see, e.g., Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999); Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), cert. denied, 120 S. Ct. 808 (2000)  did not file the federal habeas petition 90 days earlier. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy, 240 F.3d at 244. Indeed, it is curious that the petitioner seeks a 120 day equitable tolling period, instead of the mere 90 days that would be consistent with petitioner's legal theory. In sum, petitioner "has not shown that he exercised adequate diligence in attempting to file a timely petition." Robinson, ___ F.3d at ___, 2002 WL 31546341, at *12. Therefore, the District Court will be affirmed.

IV.

In conclusion, while numerous Courts of Appeals, including this one, have considered the application of the AEDPA's one year statute of limitations to final convictions that predate the effective date of that Act, none have indicated a need to address the issue of whether that statute is impermissibly retroactive. Because that issue is not within the scope of the certificates of appealability already granted, we deny

petitioner's eleventh hour request to certify that further issue.  Petitioner also fails to demonstrate that recent Supreme Court precedent calls into doubt this Court's numerous prior decisions interpreting 28 U.S.C.  2244.  Those decisions control this case. Therefore, the AEDPA's statute of limitations is not tolled during the period that petitioner might have petitioned for certiorari.  Finally, since petitioner fails to present any extraordinary circumstances that justify the adoption of a rule of equitable tolling here, the District Court will be affirmed.


TO THE CLERK:

       Please file the foregoing opinion.


               /s/ D. Brooks Smith
               Circuit Judge