NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1230
_____

KENNETH PHILLIP JACKSON,
                                        Appellant

v.

SUPERINTENDENT SOMERSET SCI;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-15-cv-00871)
Magistrate Judge:  Honorable Robert C. Mitchell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 13, 2017

Before:  CHAGARES, JORDAN, and FUENTES, *Circuit Judges.*

(Filed: November 2, 2017)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Kenneth Jackson appeals the denial of his petition for a writ of habeas corpus. For the reasons set forth below, we will affirm.

## I.     Background

Kenneth Jackson pleaded guilty in Pennsylvania state court to one count of third-degree murder, one count of abuse of a corpse, two counts of theft by deception, two counts of forgery, and one count of identity theft. That plea was entered after trial had already begun in the case, which arose from Jackson's murder of his uncle and use of his uncle's identification papers to cash social security checks. Prior to sentencing, Jackson sent the trial judge a *pro se* letter and motion asking to withdraw his guilty plea. At the time, Jackson was represented by court-appointed counsel Patrick Thomassey. At Jackson's July 19, 2004 sentencing hearing, the judge denied Jackson's *pro se* motion to withdraw his guilty plea.

After denying the motion, the judge turned his attention to Thomassey's representation of Jackson. Thomassey said he was in a "precarious position" because of his contentious relationship with Jackson. (App. at 130.) After the judge reminded Thomassey that the court had appointed him as defense counsel, Thomassey replied, "I will do as instructed by the court." (App. at 130.) Jackson then stated, "I'm asking for a new counsel to be appointed to me. I do not want this man." (App. at 130.) The judge, after listening to Thomassey and Jackson, said, "Well, it's apparent to the court, Mr. Jackson, you don't want Mr. Thomassey to represent you anymore. And Mr. Thomassey doesn't want to represent you anymore. Is that accurate?" (App. at 132.) Jackson

2

replied, "Yes." (App. at 132.) Recalling that Jackson had already had a Public Defender with whom he had difficulty working, the judge told Jackson, "Then you will represent yourself. I'm not going to appoint you yet another lawyer." (App. at 132.) The judge instructed Thomassey to "have a seat." (App. at 133.) Jackson represented himself during the remainder of the sentencing hearing. That was not the first time the judge and Jackson spoke about Jackson's dissatisfaction with Thomassey. Immediately prior to Jackson's trial, the judge had given Jackson three options: (1) hire a private attorney; (2) continue to be represented by Thomassey; or (3) proceed on his own without an attorney. The judge warned Jackson then that if he did not cooperate with Thomassey, he would be on his own.

The judge ultimately sentenced Jackson to a term of imprisonment of 240 to 480 months on the homicide charge and a term of imprisonment of two-and-a-half years to five years for each of the five counts of theft and forgery. The several terms of imprisonment were to run consecutively. The judge did not impose an additional sentence on the charge for abuse of a corpse. Although the record demonstrates that all parties understood the plea agreement to contemplate a sentence in accordance with the applicable guidelines range, Jackson's sentence on the five theft and forgery counts exceeded Pennsylvania's sentencing guidelines range. The judge appointed counsel to assist Jackson with his post-sentence motions and his appeal. On July 29, 2004, Jackson's appointed direct appeal counsel filed a motion to reconsider the sentence, which was denied by operation of law on December 2, 2004 pursuant to Pennsylvania Rule of Criminal Procedure 720. *See* Pa. R. Crim. P. 720(B)(3)(a) ("If the judge fails to

3

decide the [post-sentence] motion within 120 days, or to grant an extension … , the motion shall be deemed denied by operation of law.").

Jackson appealed to the Pennsylvania Superior Court. His direct appeal counsel raised a single issue: whether the trial court erred in denying Jackson's pre-sentence request to withdraw his guilty plea. The Superior Court affirmed Jackson's conviction and sentence. On January 3, 2007, the Pennsylvania Supreme Court denied Jackson's Petition for Allowance of Appeal.

Jackson then filed a *pro se* petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et. seq*. After the court appointed the Office of Conflicts Counsel to represent Jackson on post-conviction review, counsel filed an amended PCRA petition raising four issues: (1) appellate counsel was ineffective for failing to challenge the sentencing judge's imposition of sentences above the guidelines range on the theft and forgery charges; (2) appellate counsel was ineffective for failing to challenge the sentencing judge's imposition of consecutive sentences; (3) trial counsel was ineffective throughout *voir dire*, trial, plea, and sentencing proceedings; and (4) Jackson was denied counsel at sentencing, in contravention of *United States v. Cronic*, 466 U.S. 648 (1984). The PCRA court denied Jackson's PCRA claims but re-imposed sentence to correct a clerical error. Through counsel, Jackson filed a motion for reconsideration, which was denied, and then filed a notice of appeal to the Superior Court, challenging only the sentences imposed in connection with the non-homicide charges.

4

That PCRA appeal raised four issues: (1) the re-imposed sentence was illegal because it violated the terms of the plea agreement; (2) the re-imposed sentence was an abuse of discretion and manifestly excessive because the sentences ran consecutively; (3) trial counsel was ineffective throughout the underlying proceedings; and (4) the sentencing court erred in refusing to appoint Jackson counsel at the sentencing hearing. The Superior Court affirmed the PCRA court's denial of Jackson's petition. In relevant part, the Court held that Jackson had waived his argument that his sentence violated his plea agreement because he did not raise the issue on direct appeal and his amended PCRA petition did not argue that direct appeal counsel was ineffective for failing to challenge the sentence on that basis. The Court further held that Jackson had waived his argument that he was denied counsel at sentencing because he failed to raise the issue on direct appeal. The Pennsylvania Supreme Court denied Jackson's Petition for Allowance of Appeal on June 23, 2015.

Jackson next filed the present petition for a writ of habeas corpus, which was denied on December 7, 2015. We granted Jackson's request for a certificate of appealability to address only whether "counsel on direct appeal rendered ineffective assistance in failing to argue that [Jackson's] sentence violates the plea agreement because sentencing was to be within the standard guidelines range for all counts," and whether Jackson "was denied his Sixth Amendment right to counsel at sentencing." (Certificate of Appealability, dated August 11, 2016, at 1.) The certificate of appealability also directed counsel to "address whether procedural default applies to either issue, and the impact, if any, of [*Martinez v. Ryan*, 566 U.S. 1 (2012)]."

5

(Certificate of Appealability, dated August 11, 2016, at 1.) Because we conclude that Jackson's claims on appeal are procedurally defaulted, we will affirm the denial of Jackson's petition for a writ of habeas corpus.

## II. Discussion[1]

The Magistrate Judge exercised jurisdiction under 28 U.S.C. §§ 636(c)(1), 1331, and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the Magistrate Judge denied Jackson's petition without conducting an evidentiary hearing, our review is plenary. *Jacobs v. Horn*, 395 F.3d 92, 99 (3d Cir. 2005).

A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is procedurally defaulted if a state court has declined to consider the petitioner's claims based on a failure to meet the state's procedural requirements. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004). A federal habeas court is thus prohibited from hearing a petitioner's claims if the state court's denial rested on independent and adequate state procedural grounds, unless the petitioner can demonstrate "cause" for the default and "prejudice" resulting from the alleged violation. *Coleman*, 501 U.S. at 750; *Johnson*, 392 F.3d at 556.

The Superior Court held that Jackson had waived both issues that we identified in the certificate of appealability. First, it held Jackson had waived his argument that his sentence was illegal for violating the terms of his plea agreement. The basis of the

---

[1] The court below denied Jackson's habeas corpus petition on the merits. Because we affirm on the basis that Jackson has not established cause to excuse his procedural default of the claims that we certified for appeal, we do not reach the merits of Jackson's claims.

waiver was direct appeal counsel's failure to raise that issue, and failure to raise in the amended PCRA petition direct appeal counsel's ineffectiveness for failing to raise the issue. Second, the Superior Court held that Jackson had waived his argument that he was denied counsel at his sentencing hearing because he failed to raise that issue on direct appeal.[2] *See* 42 Pa. Cons. Stat. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). Jackson is time barred from further litigating those issues through the Pennsylvania state courts. 42 Pa. Const. Stat. § 9545(b). He has thus procedurally defaulted on the two claims certified for appeal by the certificate of appealability. *See Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) ("A claim is procedurally defaulted if the petitioner failed to exhaust that claim in state court and if state procedures prohibit the petitioner from later presenting the claim in state court."). We can only proceed to the merits of Jackson's claims if cause and prejudice exist to excuse the procedural default, *Coleman*, 501 U.S. at 750; *Johnson*, 392 F.3d at 556, but Jackson has not established cause for his procedural default.

---

[2] That the Superior Court opinion contains an alternative holding on the merits does not alter our conclusion that Jackson's denial-of-counsel argument is procedurally defaulted. We have previously emphasized that, even if a state court provides an alternative holding, "the adequate and independent state ground doctrine [still] requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment[.]" *Johnson*, 392 F.3d at 558 (quoting *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). Here, it is clear that the procedural ground for denying Jackson's claim (*i.e.*, waiver) was a distinct and separate basis for the Superior Court's decision. Because we are not reaching the merits of Jackson's claims, we decline to address the Superior Court's alternative holding.

Jackson does not appear to dispute that he procedurally defaulted on the issues identified in the certificate of appealability. Rather, he maintains that his procedural default of both issues is excused by the United States Supreme Court's holding in *Martinez v. Ryan*, 566 U.S. 1 (2012). (*See* Opening Br. at 6 ("The above issues may have been procedurally defaulted in the state courts, but this Court should excuse the procedural default pursuant to *Martinez* … .").)

In *Martinez*, the Supreme Court created an equitable exception to the rule announced in *Coleman v. Thompson* that ineffectiveness of post-conviction counsel does not establish cause to excuse a procedural default. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) (citing *Martinez*, 566 U.S. at 16-17). The *Martinez* Court held that, in situations where state law prevents an inmate from litigating claims of ineffective assistance of trial counsel on direct appeal, the ineffective assistance of state post-conviction counsel can serve as cause to overcome the procedural default of a substantial ineffective assistance of trial counsel claim. 566 U.S. at 17.

After we granted Jackson's request for a certificate of appealability, the Supreme Court, in *Davila v. Davis*, declined to extend the *Martinez* exception to cover claims of ineffective assistance of appellate counsel. 137 S. Ct. at 2065. The Supreme Court thus clarified that ineffectiveness of post-conviction counsel does not establish cause to excuse the procedural default of an "ineffective assistance of appellate counsel" claim. *Id.*

*Davila* definitively forecloses Jackson's first claim over which we granted appeal: whether Jackson's direct appeal counsel was ineffective for failing to object that his

8

sentence was illegal for violating the terms of his plea agreement. Jackson argues that his procedural default of that claim should be excused pursuant to *Martinez* because his "PCRA counsel was ineffective for failing to properly raise the plea bargain issue on appeal." (Opening Br. at 12.) Because the Supreme Court rejected that precise argument in *Davila*, it is plain that Jackson has failed to establish cause for his procedural default of that claim.

Jackson largely fails to address the second claim that we allowed him to appeal, *i.e.*, whether the state sentencing court denied his Sixth Amendment right to counsel at the sentencing hearing. Instead, he focuses on whether trial counsel Thomassey rendered ineffective assistance of counsel at sentencing. The record demonstrates, however, that Thomassey was not acting as Jackson's lawyer at the sentencing hearing. The sentencing judge explicitly told Jackson, "you will represent yourself[,]" and instructed Thomassey to "have a seat." (App. at 132-33.) The issue of Thomassey's alleged ineffectiveness at sentencing is thus outside the scope of the certificate of appealability and is not properly before us.[3] 28 U.S.C. § 2253(c)(3); 3d Cir. L.A.R. 22.1(b); *see also Miller v. Dragovich*, 311 F.3d 574, 577 (3d Cir. 2002) (refusing to address argument that was outside the scope of the relevant certificate of appealability).

To the extent that Jackson does address the Sixth Amendment denial of counsel claim we certified for appeal, he argues that we should excuse the procedural default of

---

[3] We again note that we do not reach the propriety of the sentencing judge's decision to compel Jackson to proceed *pro se*.

9

that claim pursuant to the *Martinez* exception.[4]  But *Martinez*, as the Supreme Court recently clarified, only allows the ineffectiveness of post-conviction counsel to excuse the procedural default "of a single claim—ineffective assistance of trial counsel … ." *Davila*, 137 S. Ct. at 2062.  The *Martinez* exception does not apply here for two distinct reasons.  First, we did not grant a certificate of appealablity as to Jackson's ineffective assistance of trial counsel claim, which means *Martinez* is inapplicable to the claim at issue.  Second, *Davila* mandates that Jackson could not establish cause to overcome the default even if he argued (which he does not) that post-conviction counsel was ineffective for failing to raise a claim on collateral review that direct appeal counsel was ineffective for failing to appeal the denial of counsel claim.  *Id.* at 2065.  Accordingly, Jackson has failed to establish cause for the procedural default of his Sixth Amendment denial of counsel claim.

## III.    Conclusion

For the foregoing reasons, we will affirm the denial of Jackson's petition for a writ of habeas corpus.

---

[4]  Jackson makes this argument primarily in connection with the ineffective assistance of trial counsel claim he attempts to bring, which, as discussed above, falls outside the scope of the certificate of appealability.  He advances no separate argument for why we should excuse the procedural default of his Sixth Amendment denial of counsel claim, but we construe his argument to also refer to the Sixth Amendment denial of counsel claim that we did certify for appeal.