**Gerald SMITH, Appellant,**

v.

**William ARMONTROUT, Appellee.**

Nos. 88–2359, 88–2702.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 19, 1988.

Decided Dec. 19, 1988.

On Motions for Recall of Mandate Jan. 12, 1989.

C. John Pleban, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

### ORDER

ARNOLD, Circuit Judge, joined by JOHN R. GIBSON, Circuit Judge.

On December 8, 1988, this Court, sitting en banc, held that Gerald Smith is compe-

tent to waive his right to seek habeas corpus relief against his two convictions for capital murder. As a consequence of this holding, the next friends who were attempting to prosecute appeals were deprived of any standing, the appeals were dismissed, and stays of execution of the sentences of death, previously entered, were dissolved.

I was the author of the two opinions filed on behalf of the Court en banc. At the end of the opinion in No. 88–2359, I stated, speaking only for myself and not for the Court, that if Mr. Smith should change his mind and decide to pursue his remedies, I would grant a stay of execution, being convinced that the issues raised by way of attack on the convictions were not so frivolous as to justify summary dismissal. *Smith v. Armontrout*, 865 F.2d 1502, 1507 (8th Cir.1988) (en banc).

The situation envisioned in footnote 6 has now come to pass. A letter has been filed with the Office of the Clerk of this Court, signed by Gerald Smith, expressing his desire to prosecute the remedies provided by law with respect to each of the two convictions. This filing vindicates the holding of the Court en banc that Mr. Smith knows what he is doing. In any event, in accordance with my previously stated intention, I now grant a stay of the execution of the sentences of death in both cases. This stay will remain in effect until further order of this Court, the Supreme Court, or a Justice thereof. It is my thought, in particular, that the mandates in the two cases should now be recalled, certificates of probable cause granted, and the cases decided in the ordinary course. In No. 88–2359, this would be done through the filing of an order setting a briefing schedule, after which the case would be submitted to a panel for oral argument. In No. 88–2702, the merits are not ripe for disposition on appeal, because they have never been reached by the District Court. That Court dismissed the petition on the ground that the next friend lacked standing. In No. 88–2702, an aggravating circumstance found by the jury in assessing the death penalty was the murder conviction that is the subject of the petition in No. 88–2359. Further review of the conviction in No. 88–2359 thus directly affects the validity of the sentence of death in No. 88–2702. I will therefore suggest that the judgment in No. 88–2702 be vacated, and the cause remanded to the District Court for further proceedings on the merits.

A further word of explanation may be in order. The various backings and fillings that have taken place in this case have made it, to say the least, less than simple. The important point for present purposes is that this Court has never passed on the merits of Smith's attack on his conviction in No. 88–2359. The District Court has decided that the attack lacks merit, but Smith has a statutory right of appeal to this Court. And, in No. 88–2702, as just remarked, no federal court has yet passed on the merits of Smith's habeas corpus petition. He is entitled to a decision on his petition under the Act of Congress that assigns habeas jurisdiction to the lower federal courts.

Finally, I wish to add that I am not disposed to consider any further changes of mind in these cases. As far as I am concerned, Gerald Smith has made his election to proceed, and the courts should also proceed to decide the merits of his petitions with all reasonable expedition.

Accordingly, for the reasons given, both sentences of death are hereby stayed, and the Clerk of this Court is directed to communicate this decision immediately to all parties.

I am authorized to state that JOHN R. GIBSON, Circuit Judge, joins in this action.

It is so ordered.

Before LAY, Chief Judge, and HEANEY, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, and BEAM, Circuit Judges, *en banc.*

On Motion for Recall of Mandate in No. 88–2359.

PER CURIAM.

The motion to reinstate the appeal is granted. The mandate of this Court is

recalled. The application for certificate of probable cause is granted. The Clerk of this Court is directed to appoint C. John Pleban, Esq., as counsel for the appellant Gerald Smith, who is now proceeding in his own name and right. This appointment is made under the Criminal Justice Act.

The Clerk will set a briefing schedule in due course.

This case is remanded to the panel (Arnold, John R. Gibson, and Fagg, Circuit Judges) for further proceedings on appeal in due course.

The stay of execution entered on December 19, 1988, by two individual judges (Arnold and John R. Gibson, JJ.) will continue in effect until further order of this Court.

It is so ordered.

On Motion for Recall of Mandate in No. 88–2702.

PER CURIAM.

The motion to reinstate the appeal is granted. The mandate of this Court is recalled. The application for certificate of probable cause is granted. The Clerk of this Court is directed to appoint C. John Pleban, Esq., as counsel for the appellant Gerald Smith, who is now proceeding in his own name and right. This appointment is made under the Criminal Justice Act.

The judgment of the District Court, which dismissed the complaint for lack of standing, is vacated, and this cause is remanded to that Court for further proceedings, including, as appropriate, a determination whether state remedies have been exhausted, whether any procedural default bars collateral relief, and whether the petition's claims have merit.

The stay of execution entered by two individual judges (Arnold and John R. Gibson, JJ.) will continue in effect until further order of the District Court.

It is so ordered.