

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Michael v. Horn

Precedential or Non-Precedential: Precedential

Docket No. 04-9002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Michael v. Horn" (2005). *2005 Decisions.* Paper 774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-9002
_____

HUBERT L. MICHAEL,

Appellant

v.

MARTIN HORN, Commissioner, Pennsylvania Department of
Corrections; *DAVID DIGUGLIELMO, Superintendent of the State
Correctional Institution at Graterford; JOSEPH P. MAZURKIEWICZ,
Superintendent of the State Correctional Institution at Rockview

*(Amended - See Clerk's Order dated 1/6/05)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Ct. No. 96-cv-01554)
_____

S U R   P E T I T I O N   F O R   R E H E A R I N G
_____

BEFORE: SCIRICA, <u>Chief Judge</u>,
SLOVITER, NYGAARD, ALITO, ROTH, MCKEE,
BARRY, AMBRO,  SMITH, FUENTES,
VAN ANTWERPEN and GREENBERG,  <u>Circuit Judges</u>[1]
_____

The Petition for rehearing filed by the Appellees in the above-

entitled matter having been submitted to the judges who participated in the

decision of this court and to all other available circuit judges in regular

---

[1]

Judge Greenberg's vote is limited to panel rehearing only.

active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges in regular active service not having voted for rehearing by this court en banc, the Petition for Rehearing is hereby DENIED.  Judge GREENBERG would have granted panel rehearing.

It is so ordered.

By the Court,

/s/ Richard L. Nygaard
United States Circuit Judge

DATE: July 7, 2005
ghb/cc: Joseph M. Cosgrove, Esq.
     Jonelle H. Eshbach, Esq.
     Mr. Hubert L. Michael

GREENBERG, <u>Circuit</u> <u>Judge</u>, dissenting from the denial of the petition for panel rehearing.

I respectfully dissent from the denial of the petition filed by the respondents-appellees, Martin Horn, the Commissioner of the Pennsylvania Department of Corrections, and certain other state officials requesting panel rehearing of an order denying the petitioner-appellant Hubert L. Michael's motions to dismiss an appeal filed in his name in this federal habeas corpus case and simultaneously vacating the order from which the appeal had been

taken and remanding the case for further proceedings.[2]  The proceedings in

this case are unusual in that Michael, the theoretical appellant, in whose

name the petition was filed in the district court, prevailed in that court as he

asked that it dismiss his petition and it did so.  Thus, as might be expected,

he does not want us to disturb the district court's order.  Indeed, he has

urged that we should dismiss this appeal just as he had urged that the

district court should dismiss the petition even though his attorneys claimed

to have filed it in his interest.  Nevertheless, we have denied his motions to

dismiss the appeal, have entered an order vacating the very district court

order that he sought and obtained dismissing the habeas corpus petition, and

have remanded the case to "determine whether habeas corpus relief is

warranted."  Accordingly, we have put Michael in the unusual, though

probably not unique, position of being an involuntary federal litigant.  We

now are denying rehearing of that order that remarkably the panel entered

against the wishes of both parties to this appeal.

The district court proceeding under the Antiterrorism and Effective

Death Penalty Act of 1996 followed extensive litigation in the Pennsylvania

state courts arising from the absolutely certain fact that on July 12, 1993,

Michael, using a firearm, murdered 16-year old Trista Eng, a total stranger

---

[2]I write more extensively than is usual in an opinion dissenting from an order denying rehearing because the panel disposed of this case by an order without an opinion and, accordingly, I need to set forth the case history so that my dissent can be understood.

to him, who had been on her way to her summer job at a Hardee's restaurant when Michael encountered her. At the time of the murder, Michael, who was facing rape charges, not involving Trista Eng, that he felt were not justified, murdered her by reason of his anger over the charges. After Michael murdered her, he concealed her body in a wooded area. He later confessed to his brother that he had committed this crime and told him where he had concealed her body. His brother and other family members then searched for and found her body, following which they notified the Pennsylvania state police. In the ensuing Pennsylvania state court prosecution, Michael pleaded guilty to murder and was sentenced to death. On the appeals that followed the Supreme Court of Pennsylvania first affirmed the judgment of the sentence of death, <u>Commonwealth v. Michael</u>, 674 A.2d 1044 (Pa. 1996), and then, after post-conviction relief proceedings, affirmed the denial of post-conviction relief, <u>Commonwealth v. Michael</u>, 755 A.2d 1274 (Pa. 2000).[3]

Following the completion of the state proceedings, the Capital Habeas Corpus Unit of the Defender Association of Philadelphia activated

---

[3]I do not comment further on the Pennsylvania state proceedings beyond noting that the respondents in their petition for rehearing observe that while Michael filed an affidavit asking the Supreme Court quickly to decide the merits of his appeal from the order denying him post-conviction relief, he indicated in the district court that he had done so to speed the processing of his case because "regardless if I did that or not they were still going to try to push that through." By "they" he meant the attorneys then representing him in the case. Of course, anyone studying this case should read the opinions of the Pennsylvania Supreme Court.

federal habeas corpus proceedings that its predecessor had filed in

Michael's name in the district court.  Ultimately the district court terminated

those proceedings without considering the petition on the merits when it

granted Michael's motions to dismiss the petition.  Michael v. Horn, No.

3:CV-96-1554, 2004 WL 438678 (M.D. Pa. Mar. 10, 2004).  The appeal

that we have considered is from that dismissal.

The district court initiated its thorough opinion dated March 10,

2004, filed after difficult and extensive proceedings, by indicating that "[a]t

issue in this matter is whether death-sentenced Hubert Michael is competent

and has knowingly, rationally, and voluntarily chosen to waive pursuant of

a collateral challenge to his state court conviction and sentence." Id. at *1.

The court concluded its opinion as follows:

> To determine whether Mr. Michael is competent to
> decide to dismiss counsel and this habeas corpus proceeding,
> this Court sought to provide 'a constitutionally adequate fact-
> finding inquiry to make a reliable determination . . . .' Mata
> v. Johnson, 210 F.3d 324, 327 (5th Cir. 2000).  That process
> included (1) a current examination by a highly qualified
> expert, (2) an opportunity for the parties to present pertinent
> evidence, and (3) an examination of Mr. Michael in open
> court concerning his decision to waive further proceedings.
> For purposes of this proceeding, Mr. Michael was also
> appointed independent counsel.
>
> Throughout these proceedings, Mr. Michael has
> maintained the consistent position that he does not seek
> federal court intervention with respect to his conviction and
> sentence.  Having found, without hesitation, that Mr. Michael
> is competent, and has made a knowing, rational and voluntary
> decision, this Court has no choice but to honor that decision.

As did the death-sentenced inmate in Comer [v. Stewart, 230 F. Supp. 2d 1016 (D. Ariz. 2002)], Mr. Michael 'has made a competent and free choice, which "is merely an example of doing what you want to do, embodied in the word liberty."' 230 F. Supp. 2d at 1072. Also worth reiterating here is the Eleventh Circuit's admonition in Sanchez-Velasco v. Sec'y of the Dep't of Corr., 287 F.3d 1015, 1033 (11th Cir. 2002), affirming a district court's finding that a defendant competently, knowingly and voluntarily waived federal court collateral review.

> [W]e should not forget the values that motivated the Supreme Court's Whitmore [v. Arkansas, 495 U.S. 149, 110 S.Ct. 1717 (1990)] decision and what is really at stake in this kind of case. These cases are about the right of self-determination and freedom to make fundamental choices affecting one's life . . . . [A] death row inmate . . . does not have many choices left. One choice the law does give him is whether to fight the death sentence he is under or accede to it. Sanchez-Velasco, who is mentally competent to make that choice, has decided not to contest his death sentence any further. He has the right to make that choice . . . . He has never asked [his attorneys] to represent him or consented to have them do so. He has directed them to leave his case alone, and the law will enforce that directive.

Likewise, this Court has no choice but to enforce Mr. Michael's knowing, rational and voluntary directive that legal challenges to his conviction and sentence cease.

Id. at *23.

The district court entered the following order accompanying its March 10, 2004 opinion:

1. The Defender Association of Philadelphia Capital Habeas Corpus Unit, its successors or assigns, David Wycoff, Esq., Michael Wiseman, Esq., and any other attorneys of the

Capital Habeas Corpus Unit are dismissed as counsel for Hubert L. Michael.

2. Joseph M. Cosgrove, Esq. is directed to send a copy of this Memorandum and Order to Mr. Michael, and is dismissed as counsel for Hubert L. Michael.

3. Hubert L. Michael's motion to dismiss the habeas corpus petition filed in this matter is GRANTED.

4. The stay of execution previously imposed by this Court's Order of August 22, 1996, is VACATED.

5. The Clerk of Court is directed to mark this matter CLOSED.

Id. at *24.

Following the entry of the district court's March 10, 2004 order, the

Capital Habeas Corpus Unit, without authority from Michael, filed a notice

of appeal from that order to this court. Michael reacted to this filing by

sending the following letter to Chief Judge Scirica which was received in

this court on April 14, 2004:

My name is Hubert L. Michael, Jr. I recently had my death warrant signed by the governor of Pennsylvania. I am not appealing my sentence.

I was recently able to get the attorneys, with the Defender Association of Philadelphia, dismissed from trying to represent me in any capacity. This was ordered by Judge Thomas Vanaskie of the U.S. District Court.

I am now writing you because I know that the courts have not heard the last of these attorneys with the Capital Habeas Corpus Unit.

These attorneys are not authorized by me, or the courts,

to file any petitions, etc., on my behalf. I ask this court to not recognize any petitions filed by these attorneys or any other individual.

I would also like to state for the record that I am one-hundred percent mentally competent. As I pled guilty to homicide, in the Courts of Common Pleas, my mental state is the only avenue for these attorneys to pursue.

Let's stop this legal merry-go-round by these attorneys.

Subsequently, however, Michael indicated that he wanted his appeal to go ahead and wanted counsel to represent him. Accordingly, we appointed Joseph M. Cosgrove, who, in addition to the Capital Habeas Corpus Unit, had represented him in the district court, to represent him in this court and, after oral argument, we issued a certificate of appealability on June 30, 2004, solely on the question of "whether the District Court violated 21 U.S.C. § 848(q)(4)(B) by dismissing counsel for Hubert Michael and, if the District Court so erred, whether this error was harmless." Cosgrove and the respondents capably have briefed this issue.

The question of whether this appeal should go ahead, was, however, by no means settled when we granted the certificate of appealability for Michael addressed a letter to the court that we received on November 30, 2004, which, in effect, was a motion to withdraw the appeal and dismiss Cosgrove as his attorney. In response to Michael's letter, after first asking the attorneys to comment on Michael's motion, we entered an order on January 5, 2005, indicating that Michael again should state his position and

warning him that if we dismissed his appeal "any further judicial review of your conviction and sentence" may be terminated. On February 22, 2005, we received a letter dated February 17, 2005, that Michael sent to this court indicating that "I have read the Court of Appeals order, dated January 5, 2005, and fully understand the consequences of my waiver. I have consulted with my attorney, Joseph Cosgrove, about the Order. I wish to dismiss this appeal." Then, however, Michael sent us a pleading that we received on February 23, 2005, requesting that we defer acting for two weeks so he could consult further with Cosgrove. Significantly, however, he did not ask us in that pleading to determine the appeal on the merits. We complied with Michael's request and thus did not act during the two-week period.

After that point, however, it appears that Cosgrove and Michael were not working in sync, though they did continue to confer. First, on March 18, 2005, Cosgrove submitted a "Report of Counsel" indicating that a litigation plan was being developed in the case and asking us to decide the question we had set forth in the certificate of appealability. Yet ten days after we received the "Report of Counsel," Michael personally filed with us a statement again asking us to dismiss the appeal, using the same language he had used on February 17, 2005. Michael adhered to his position in his final letter to this court in this matter on May 23, 2005, which he indicated

was "regarding: sentence of death" reciting as follows: "I ask this court to dismiss any appeal(s) presently being argued before this court. I have had ample time to discuss all the possibilities, and probabilities, with my attorney, Joseph Cosgrove. I am satisfied with the sentence imposed upon me."

One might have supposed that after we received Michael's letter of May 23, 2005, that we would have dismissed the appeal. Yet the panel entered the following order on June 2, 2005:

> Inasmuch as the petitioner is represented by counsel, the pro se letters to withdraw the appeal are denied. The District Court's order entered March 10, 2004, is vacated to the extent that it dismissed Joseph M. Cosgrove, Esq., as counsel, granted Michael's motion to dismiss his habeas corpus petition and vacated the stay of execution. The matter is remanded for further proceedings to determine whether habeas corpus relief is warranted. We express no opinion on such questions as whether Michael's claims are exhausted, procedurally barred or meritorious. In the event that Michael files any further pro se motions to dismiss his petition, we urge the District Court to deny them summarily. See Smith v. Armontrout, 865 F.2d 1515 (8th Cir. 1988); St. Pierre v. Cowan, 217 F.3d 939, 949-950 (7th Cir. 2000).

I dissented, explaining as follows:

> Judge Greenberg would dismiss this appeal. He points out that the district court found appellant competent and that the appellant has made his position with respect to dismissing his appeal absolutely clear. On May 25, 2005, appellant filed a statement with this court dated May 23, 2005, that he indicated was 'regarding: sentence of death' in which he stated his position as follows: 'I ask this court to dismiss any appeal(s) presently being argued before this court. I have had ample time to discuss all the possibilities, and probabilities,

with my attorney, Joseph Cosgrove. I am satisfied with the sentence imposed upon me.' In Judge Greenberg's view, the court should honor appellant's position. See United States v. Hammer, 226 F.3d 229 (3d Cir. 2000).

Following the entry of the June 2, 2005 order the respondents petitioned for rehearing before the panel and en banc. The panel and court are denying both prongs of the petition for rehearing. I now dissent again, this time from the order denying panel rehearing.[4]

The June 2, 2005 order denied Michael's motions to dismiss his appeal because he "is represented by counsel." But this basis for denying his motion is legally insufficient. Cosgrove and Michael are working at cross-purposes as it is clear that Cosgrove does not want us to dismiss Michael's appeal but Michael does. While I can understand Cosgrove's conduct and will not criticize him for it, still Michael, and not Cosgrove, has the right to determine whether Michael should appeal. As the Supreme Court plainly set forth in Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983), the "accused has the ultimate authority to make [the] decision[ ] . . . whether to . . . take an appeal." See also Faretta v. California, 422 U.S. 806, 834-36, 95 S.Ct. 2525, 2540-41 (1975). I cannot imagine how the law could be otherwise. After all if, as he does, a defendant has a Sixth Amendment right to represent himself at a capital

---

[4] I do not vote to grant rehearing en banc because, inasmuch as I am a senior judge, my vote is limited to the petition insofar as it seeks panel rehearing.

punishment trial, then how can it be held that he does not have the right to determine whether to appeal from an order dismissing a habeas corpus petition, particularly when he sought the dismissal?[5] Moreover, it is inconceivable that by appointing Cosgrove to represent Michael we deprived Michael of the right to dismiss this appeal.[6] I recognize that Michael had hesitated before reaching his final position with respect to this appeal but that hesitation is not surprising inasmuch as his life is at stake in these proceedings. Indeed, his hesitation surely was desirable given the gravity of the situation. Nevertheless, there is no escape from the fact that for many months he steadfastly has taken the position that he took at the time that the Capital Habeas Corpus Unit filed this unauthorized appeal, i.e., the appeal should be dismissed.[7] In any event it is critical to recognize that the panel did not deny Michael's motions to dismiss the appeal because of his previous hesitation. Rather, as set forth with absolute clarity in the June 2, 2005 order, it did so because he was represented by counsel. But

---

[5]I am not suggesting that the Sixth Amendment is involved directly on the question of whether Michael's attorney can override his decision to dismiss the appeal. I do think, however, that the principles the amendment implicates are relevant here.

[6]Of course, I do not suggest that when an appellant is represented by counsel that both may file ordinary motions in an ongoing appeal. I am addressing my comments only to the fundamental question of whether an appellant can cause his appeal to be dismissed. See Jones v. Barnes, 463 U.S. at 751, 103 S.Ct. at 3312.

[7]In addition, inasmuch as Michael sought the order of March 10, 2004, dismissing his habeas corpus proceeding, he should not be allowed to appeal from it even if he wants to do so, which he does not. See In re Cendant Corp. Prides Litig., 243 F.3d 722, 727 (3d Cir. 2001).

there is no escape from the settled law, as the Supreme Court has announced it, that the panel was required to honor Michael's requests that we dismiss this appeal even though his counsel did not file a motion to dismiss the appeal. As an inferior court we are bound to apply the law as the Supreme Court announces it. Yet the panel has not done so.

There is an irony in what the panel has done in denying Michael's requests to dismiss this appeal. As I have indicated, we granted a certificate of appealability to determine whether the district court erred in dismissing Michael's attorneys when it dismissed the petition for habeas corpus. It is difficult to understand how this possible error could not have been harmless inasmuch as Michael obtained what he wanted from the district court, a dismissal of his habeas corpus proceedings, and also given that Michael wants this appeal dismissed. Still, 21 U.S.C. § 848(q)(8) provides that in capital cases an appointed attorney "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . appeals." If that section is applicable even in the face of a petitioner's efforts to discharge his attorneys, Michael was required to be represented by counsel on this appeal. Therefore if the reasoning underlying the panel's order denying Michael's motions to withdraw his appeal, that he is represented by counsel is legally sound, Michael could never dismiss this appeal. In short, the representation requirement of 21

U.S.C. § 848(q)(8), in combination with the panel's determination reflected in the June 2, 2005 order that the representation alone is a sufficient reason for the panel to deny his motions to dismiss his appeal, creates a framework under which Michael never had control over his own appeal. Jones v. Barnes makes such an outcome untenable.

Moreover, even if 21 U.S.C. § 848(q)(8) is not applicable in this case, it was entirely appropriate for us to appoint an attorney to represent Michael on this appeal. In fact, Michael's direct communications with this court demonstrate that he has consulted with that attorney, Joseph Cosgrove, regarding dismissing this appeal. Though Cosgrove and Michael have been at odds that consultation was desirable. Accordingly, by dismissing this appeal because Michael is represented by counsel, whether or not 21 U.S.C. § 848(q)(8) requires that he be so represented, the panel has held that Michael cannot make the fundamental decision of whether he should appeal. I respectfully state that such a ruling is simply not acceptable. The litigant, and not his attorney, must have the power to determine if he should appeal regardless of whether he has retained the attorney, the attorney serves to fulfill a statutory requirement, or the court has appointed the attorney to represent him even though not required by statute to do so.

I dissent for a second reason as well. We granted a certificate of

appealability only on the single issue of whether the district court violated

21 U.S.C. § 848(q)(4)(B) when it dismissed Michael's attorneys and, if so,

was this error harmless. Thus, our jurisdiction is limited to considering that

two-part question. See Miller v. Dragovich, 311 F.3d 574, 577 (3d Cir.

2002), cert. denied, 540 U.S. 859, 124 S.Ct. 164 (2003). Yet, without

addressing that question, and, indeed, without even expanding the scope of

the certificate of appealability, the panel has brushed away everything the

district court did over more than four years of difficult litigation and has

sent the case back to that court to start over. Moreover, in the process of

remanding the matter the panel has gone so far as to urge the district court

to deny summarily any future motions Michael may make to dismiss his

petition. Thus, the panel has ensured that whether Michael likes it or not,

this litigation must go on, a process that I do not doubt will take many

years.

Even if the panel will not dismiss Michael's appeal, the scope of its

order is not justified. First of all, the panel does not even hint that the

district court erred on the point on which we granted the certificate of

appealability, though I acknowledge that there is a substantial basis to argue

that it did err in that respect. But even if it did err, and the error was not

harmless, the remedy surely would not be to start the habeas corpus

proceedings over. Rather, to give Michael full relief (which I again

emphasize he does not want), we would remand the case to the district court with instructions to vacate its March 10, 2004 order and then reenter it without the paragraphs dismissing Michael's attorneys. At that point any further proceedings such as filing a motion in the district court for reconsideration of the March 10, 2004 order as reentered, see Gonzales v. Crosby, 73 U.S.L.W. 4568 (U.S. June 23, 2005), would be as timely as if made within a time measured from the March 10, 2004 order, had it not been vacated. Thus, if it is necessary to correct a section 848(q)(4)(B) error, the court should do so without undermining the basic integrity of the otherwise unassailable district court proceedings. After all, inasmuch as the district court made its error, if any, after it reached its conclusion that it should dismiss the petition the error could not have contributed to that decision.[8]

In any event, there is no suggestion in the June 2, 2005 order requiring the habeas proceedings to start over that the possible section 848(q)(4)(B) violation in any way was a factor leading the panel to enter its order. Rather, the panel's citation in the order to Smith v. Armontrout, 865

---

[8]The remedy that I set forth is consistent with the practice of federal courts in habeas cases challenging state confinements to grant relief requiring "the least intervention into the state criminal process." Henderson v. Frank, 155 F.3d 159, 168 (3d Cir. 1998). It also parallels what district courts do in proceedings under 28 U.S.C. § 2255 when they find that an attorney was incompetent by reason of not having filed a timely notice of appeal from a judgment of conviction and sentence. In such circumstances, the district courts vacate the original judgment of conviction and sentence and then reenter the judgment. Thereafter the defendant can file a timely notice of appeal.

F.2d 1515 (8th Cir. 1988), and St. Pierre v. Cowan, 217 F.3d 939, 949-50

(7th Cir. 2000), suggests that it was remanding the case because it believed

that Michael had been uncertain whether he wanted to prosecute his habeas

petition in the district court.  But the problem with this reason is that it is

incorrect.  The district court in its opinion clearly set forth what Michael's

position was in that court and what the district court therefore was required

to do:

> Throughout these proceedings, Mr. Michael has maintained
> the consistent position that he does not seek federal court
> intervention with respect to his conviction and sentence.
> Having found, without hesitation, that Mr. Michael is
> competent, and has made a knowing, rational and voluntary
> decision, the Court has no choice but to honor that decision.

Michael, 2004 WL 438678, at *23.

The panel does not explain why the district court erred in reaching

this conclusion.  Of course, clearly the district court did not err in this

regard, as we surely recognized when we would not grant a certificate of

appealability allowing Michael's attorney on this appeal to challenge the

district court's order dismissing the petition.  Rather, I reiterate that we

limited the appeal to the question of whether the court went too far when it

dismissed Michael's attorneys.  Accordingly, while I can comprehend why

the panel will not honor Michael's requests to dismiss his appeal, though I

disagree with the panel's decision in that regard, I am at a total loss to

understand how, for the reasons I have set forth above, the panel can vacate

the unassailable order of the district court to the extent that it dismissed the habeas corpus proceedings. Indeed, even if Michael without hesitation wanted us to adjudicate the appeal on the merits and even if our certificate of appealability included a question relating to the district court's dismissal of the petition, it would have been inappropriate for the panel to enter an order such as it did on June 2, 2005, vacating the district court's order and remanding the case for further proceedings without a demonstration that the district court erred in dismissing the habeas corpus proceedings. There, of course, has been no such demonstration.

I make one final point. The panel decided this case by the order I set forth above in full rather than by an opinion. In these circumstances I can understand why the panel's action in vacating the March 10, 2004 order and remanding the case might not seem as significant as it would have if the panel had filed a precedential opinion in the case. But the order is just as significant to the family of Trista Eng as a full opinion reaching the same result would have been. Moreover, even though the order is not precedential still it will not go unnoticed for I have observed that the attorneys prosecuting appeals in capital cases regularly seem to have access to not precedential dispositions. In fact, I am quite certain that the court's disposition here will be cited in other cases in which attorneys seek to force petitioners to pursue involuntary appeals. Furthermore, I believe that our

disposition of this case will have even broader ramifications for surely district courts will reason that if a petitioner represented by counsel cannot dismiss his appeal, a petitioner in the district court represented by counsel should not be able to dismiss his unwanted petition for habeas corpus.

For the foregoing reasons I dissent. I believe that the panel should grant rehearing, vacate the June 2, 2005 order, and dismiss the appeal. Alternatively, at a bare minimum the panel should grant rehearing, vacate the June 2, 2005 order, and determine the case by adjudicating the issue on which it granted the certificate of appealability.