NYGAARD, Circuit Judge,
dissenting.
The circumstances presented by this case do not rise to the “extraordinary” level contemplated by the Supreme Court in Calderon v. Thompson, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (holding that courts of appeal may recall their mandate only in extraordinary circumstances). As Judge Ambro points out, we may recall our mandate when clarification is critical. See Amer. Iron & Steel v. EPA, 560 F.2d 589, 593—95 (3d Cir.1977). Here, clarification is unnecessary; the mandate we are recalling is unambiguous. In reading our June 2, 2005 order, the District Court would know precisely what steps to take to conclude this litigation. The order remanded this case to the District Court to consider specifically whether habeas corpus relief on the merits was warranted. Relying on applicable case law, we further instructed the District Court how to resolve future conflicts between Michael and his counsel. See St. Pierre v. Cowan, 217 F.3d 939 (7th Cir. 2000); Smith v. Armontrout, 865 F.2d 1515 (8th Cir.1988). Thus, further clarification of our mandate is not necessary.
The majority posits two reasons why clarification of our mandate is necessary. First, it held that our order provides scant guidance to the District Court in this complicated case. As explained, I do not believe this is the case. Second, the Majority maintains this case presents “significant issues” concerning death-row inmates who vacillate between pursing their appeals and withdrawing from further federal litigation. While I agree such situations present important issues that should be addressed, that this issue remains unaddressed is irrelevant to the question of whether our mandate is in critical need of clarification. The purpose of clarification *265 is to elucidate an otherwise unintelligible or ambiguous order, not to give a panel of this Court an opportunity to address issues anew, however significant those issues may be. Both of the reasons proffered by the majority here misconstrue the purpose of clarification. Moreover, even were I to concede that our order is ambiguous and requires further clarification, we could simply supplement our order with an opinion, thereby avoiding the drastic action of recalling our mandate.
More troubling than the majority’s misapprehension of precedent, however, is its apparent willingness to disregard our institutional rules and procedures in order to affect the outcome of this litigation. Internal Operating Procedure 9.5.2 provides a ten day period of review for petitions for rehearing en banc. The Commonwealth of Pennsylvania filed such a petition on June 16, 2005. Pursuant to I.O.P. 9.5.2, a copy of the petition was transmitted by our Clerk’s office to all active judges of this court, as well as to Judge Greenberg, who sat on the original panel. It was at this point that the ten day clock began to run. Not only did no member of this Court vote for rehearing during this time period, no judge even sought an answer to the petition for rehearing. See I.O.P. 9.5.2. Once the ten day period expired, an order was prepared denying rehearing en banc. This Order was not immediately filed so that Judge Greenberg could prepare an opinion sur denial of rehearing, which was appended to and published with the order denying rehearing on July 7, 2005. Therefore, according to our own rules, we ought not grant rehearing. In our jurisprudential system, the rules must be followed in every case. Due process requires as much. Yet today, we brush aside our established rules because a judge whose opinion did not garner majority support, either on the merits or on petition for rehearing, feels particularly distressed about a result he could not alter. We ought remind ourselves of the well-known axiom that “to perform its high function in the best way[,] ‘justice must satisfy the appearance of justice.’” In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942, (1955) (iquoting Offutt v. United States 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11, (1954)). I find it difficult to reconcile this time-test axiom with what happened in this case. I fear the majority’s actions today undermines respect for notions of fundamental fairness. I dissent.