

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2006

# Mashore v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1793

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mashore v. Beard" (2006). *2006 Decisions*. Paper 1395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-1793

———————

JASON MASHORE,

Appellant

v.

JEFFREY A. BEARD; RAYMOND SOBINA;
THE DISTRICT ATTORNEY OF THE COUNTY
OF PHILADELPHIA, LYNN ABRAHAM;
*THE ATTORNEY GENERAL OF THE STATE
OF PENNSYLVANIA, Gerarld J. PAPPERT

*(Pursuant to FRAP 42(c))

_____

Appeal from the United States District Court
for the Eastern District of PA
(D.C. No. 02-cv-06837)
Trial Judge: Mary A. McLaughlin

———————

Argued on March 8, 2005

Before: SCIRICA, Chief Judge, ROTH and FUENTES Circuit Judges

(filed: March 23, 2006)

Ellen McBennett, Esquire (Argued)
Defender Association of Philadelphia
1441 Sansom Street
Philadelphia, A 19102

        Counsel for Appellant

Robert M. Falin, Esquire (Argued)
Office of District Attorney
1421 Arch Street
Philadelphia, PA 19102

        Counsel for Appellees

_____

O P I N I O N

**ROTH**, Circuit Judge:

Jason Mashore appeals the denial of a petition for habeas corpus under 28 U.S.C. § 2254, arising from his conviction for robbery. At trial, statements by both Mashore and his co-defendant were admitted into evidence, but with redactions eliminating any references to the other defendant in accordance with United States v. Bruton, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). After deliberations had begun, the jury submitted questions and, after conferring with counsel, the trial judge entered the jury room and gave the agreed upon responses. While the judge was in the jury room, without counsel, the following exchange took place:

2

JUROR No. 9: A trial like this when there are two defendants, is it possible for one to say the name of the other or visa versa [sic]?

JUROR No. 6: On the statement is it possible they can mention the other, you know what I mean, defendant's name and state if they confessed to a crime?

THE COURT: I cannot answer that.

JUROR NO. 2: Is that part of the law?

THE COURT: Yes.

The jury then asked a question regarding the definition of possession and the judge left the room to confer with counsel. It is alleged by Mashore, but not transcribed, that the judge informed counsel of the question regarding possession but made no mention of the above exchange. The judge then re-entered the jury room and reiterated the definition of possession to the jury. Mashore only discovered the trial judge's *ex parte* communications when reviewing transcripts in preparation for appeal.

On direct appeal in the Pennsylvania Superior Court, Mashore raised the above facts and made several claims, with only one being relevant to our inquiry: whether "the trial court err[ed] when the court answered questions posed by the jury regarding [the petitioner's] statement, and implicating the principles of United States v. Bruton, without first informing the parties that the questions had been asked, in violation of [the petitioner's] state and federal constitutionally guaranteed rights to counsel, due process of law, confrontation, and cross-examination, and to be present during the proceedings

3

against him." Commonwealth v. Mashore, No. 1599 Philadelphia 1998, slip op. at 2 (Pa. Super. Ct. Nov. 6, 2000). The Superior Court denied the appeal, concluding that any error that may have occurred was harmless. The Pennsylvania Supreme Court denied allowance of appeal.

Mashore then filed a habeas petition in District Court, claiming that the *ex parte* communications by the trial judge violated his right to counsel, right to be present, and the protections of Bruton. The District Court assumed error and engaged in an analysis of whether prejudice should be presumed under United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) and its progeny. The District Court concluded that prejudice should not be presumed in this case, found that the error was harmless, and denied the petition. The District Court issued a certificate of appealability and this appeal ensued.

Mashore now appeals the denial of his habeas petition by the District Court. For the reasons discussed below, despite the inappropriate communications between the judge and the jury, we find that Mashore's petition should be denied

## I.    Jurisdiction and Standard of Review

We have jurisdiction under 28 U.S.C. § 1291 and § 2253(c)(1) over the District Court's dismissal of the petition for writ of habeas corpus under 28 U.S.C. § 2254.

We exercise plenary review over the District Court's legal conclusions, including

4

its application of the standard of review under AEDPA. <u>Banks v. Horn</u>, 271 F.3d 527, 531 (3d Cir. 2001). Relief under 28 U.S.C. § 2254 is precluded on any claim that was adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132 (Apr. 26, 1996).

## II. Certificate of Appealability

The scope of the certificate of appealability is not defined in the District Court's Order, but the Opinion states "I cannot say that the petitioner's interpretation of <u>Cronic</u> is not debatable." <u>Mashore v. Beard</u>, 2004 WL 350732, *5 (E.D. Pa. 2004). The government argues that this statement indicates that the only issue presented on appeal is whether harmless error analysis should apply to Mashore's right to counsel claim and that we do not have jurisdiction to address the issue of what standard of review applies to the question of whether harmless error analysis is appropriate. It is illogical that we would not have jurisdiction to determine the appropriate standard of review for a claim in a certificate of appealability, but, as we do not reach that stage of the analysis, this issue does not affect our resolution of this case.

5

We may not consider issues on appeal that are not within the scope of the certificate of appealability. 28 U.S.C. § 2253(c)(3); 3d Cir. LAR 22.1(b); Miller v. Dragovich, 311 F.3d 574, 577 (3d Cir. 2002). However, our case law supports the exercise of discretion to expand the scope of a certificate of appealability. See Federal Rule of Appellate Procedure 22(b)(2), Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir. 2004) (finding this court can treat a notice of appeal as a request for a certificate of appealability and grant it on its own), Villot v. Varner, 373 F.3d 327, 337 n. 13 (3d Cir. 2004) (exercising discretion to *sua sponte* expand the scope of the certificate of appealability granted by motions panel, citing 3d Cir. LAR 22.1(b)).

From the reference to Cronic, we read the certificate of appealability as encompassing Mashore's claim regarding deprivation of his right to counsel and will address the legal issues surrounding that claim. We will not, however, *sua sponte* expand the scope of the certificate of appealability to include Mashore's other claims, based on his right to be present and the protections of Bruton.

## III.    Exhaustion

The government argues that Mashore's right to counsel claim is not exhausted because he did not raise it in the state court.[1] The government further argues that, even if

---

[1] Although the parties use the terms "procedural default" and "exhaustion" interchangeably in their briefs, the issue here, as reflected by the cases relied upon by both parties and by the parties' contentions at oral argument, is whether Mashore's claims

Mashore's Sixth Amendment right to counsel claim was fairly presented to the state court, his legal theory that harmless error analysis should not apply was not presented and is defaulted here.

Mashore argues that the government has waived this argument because it did not file objections to the Magistrate Judge's Report and Recommendations. Regardless of whether this constitutes waiver, despite the Government raising exhaustion in its briefs to the District Court, we are not barred from considering the issue. See Granberry v. Greer, 481 U.S. 129, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987) (holding that when the state has not raised exhaustion in the district court, the court of appeals "should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of petitioner's claim.") We find that these purposes would be served by addressing whether Mashore's right to counsel claim is exhausted.

Before a federal court may grant a § 2254 habeas petition, the state prisoner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." Id. at 845,

---

are exhausted. See 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 23.1, 26.1 (4th ed. 2001).

7

119 S. Ct. 1728. The prisoner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established appellate review process. Villot v. Varner 373 F.3d 327, 337 (3d Cir. 2004). A state prisoner must fairly present his claim in state court in order to "[alert] that court to the federal nature of the claim." Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004). The claim must be presented to the state courts in such "a manner that puts [the state court] on notice that a federal claim is being asserted." Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). Specifically, the same method of legal analysis must be available to the state court as will be employed in the federal court. Santana v. Fenton, 685 F.2d 71, 74 (3d Cir. 1982).

In this case, although Mashore used the words "federal constitutionally guaranteed right to counsel" in his brief to the Superior Court, he cited no state or federal cases regarding the right to counsel and made no argument regarding the claim. Rather, he discussed Bruton and Pennsylvania cases regarding *ex parte* jury communications, based on the right to be present. Mashore never cited Cronic and never used language suggesting he was claiming deprivation of counsel at a critical stage of the proceedings.

The Superior Court's opinion reflects Mashore's brief. Although the opinion reiterates, *verbatim*, Mashore's claims, it never analyzes a right to counsel claim under either state or federal law. Instead, the Superior Court engages in an analysis of the Pennsylvania *ex parte* communications cases, based on the right to be present, and Bruton.

It is clear from the record that Mashore did not properly raise his right to counsel claim in state court. The Superior Court had no notice that a claim under <u>Cronic</u> was being asserted and did not have the same means of analysis under the right to counsel cases that are now presented in federal court. Thus, Mashore's right to counsel claim is not exhausted and is not a proper grounds for relief in federal habeas proceeding.

## IV.    Review of Superior Court's Decision

Because we find that Mashore's right to counsel claim is unexhausted, we need not reach the question of the appropriate standard of review for the Superior Court's decision or of whether the presumed prejudice standard of <u>Cronic</u> should be applied in this case. As the certificate of appealability addressed only <u>Cronic</u>, which clearly applies only to the right to counsel claim, we need not review the conclusions of the District Court and the Superior Court that Mashore's claims based on his right to be present and rights under <u>Bruton</u> resulted in harmless error.

## V.    Conclusion

For the reasons discussed above, Mashore's right to counsel claim was not properly presented to the state courts and, thus, is not exhausted for the purposes of this Court's consideration. Further, because the certificate of appealability encompassed only Mashore's right to counsel claim, we will not address his additional claims presented to

the District Court.  Therefore, the District Court's denial of Mashore's petition will be affirmed.