J-S57037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH MILLER | |
| Appellant | No. 577 EDA 2014 |

Appeal from the PCRA Order dated January 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0907901-1984

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 05, 2014**

Appellant, Kenneth Miller, *pro se* appeals from the January 29, 2014 order of the Philadelphia County Court of Common Pleas dismissing his third petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.   Upon review, we conclude the petition is untimely. Accordingly, we affirm.

For a detailed recitation of the factual and procedural background, we direct the reader to this Court's opinions issued in connection with Appellant's direct appeal and PCRA petitions.  Briefly, on October 29, 1986, a jury convicted Appellant of first degree murder and possession of an instrument of crime.  On September 22, 1987, the trial court sentenced him to life imprisonment and an additional concurrent sentence of one to two years for possessing an instrument of crime.   This Court affirmed his

convictions on September 11, 1990.  ***See Commonwealth v. Miller***, 583 A.2d 833 (Pa. Super. 1990) (unpublished memorandum). Appellant did not petition the Supreme Court for allowance of appeal.  Appellant filed his first PCRA petition on April 27, 1995.  After a hearing, the trial court denied his petition on September 19, 1996.  This Court affirmed the denial of relief on August 28, 1997.  ***See Commonwealth v. Miller***, 704 A.2d 164 (Pa. Super. 1997) (unpublished memorandum).  The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on June 22, 1998.  ***See Commonwealth v. Miller***, 725 A.2d 180 (Pa. 1998).  Appellant filed a petition for *certiorari*, which the United States Supreme Court denied on November 9, 1998.  ***See Miller v. Pennsylvania***, 525 U.S. 985 (1998).

On October 14, 1999, Appellant filed a petition for *habeas corpus* in a federal district court, which the court denied as untimely on April 3, 2000. Appellant appealed to the Third Circuit, which affirmed the denial on November 25, 2002.  ***See Miller v. Dragovich***, 311 F.3d 574 (3d Cir. 2002).  On October 6, 2003, the United States Supreme Court denied Appellant's petition for *certiorari*.  ***See Miller v. Dragovich***, 540 U.S. 859 (2003).  On November 8, 2006, Appellant filed his second PCRA petition, which the trial court dismissed as untimely.  On May 20, 2009, this Court affirmed the denial of relief.  ***See Commonwealth v. Miller***, 976 A.2d 1210 (Pa. Super. 2009) (unpublished memorandum).  On November 4, 2009, the Supreme Court denied Appellant's petition for allowance of appeal.  ***See Commonwealth v. Miller***, 983 A.2d 727 (Pa. 2009).  On March 19, 2012,

Appellant filed the instant (third) PCRA petition, which the trial court dismissed as untimely on January 29, 2014. This appeal followed.

On appeal, Appellant raises a claim of newly discovered evidence, namely, a witness ready to testify Appellant was in fact highly intoxicated at the time of the crimes. According to Appellant, he discovered the witness, who was also serving a sentence in the same facility, sometimes toward the end of February 2012. To this end, Appellant also argues the trial court erred in not holding a hearing on his petition. Appellant also argues the instant petition is timely because it was filed within 60 days of the discovery of the witness. Appellant's Brief at 5-6.

Before we can address the merits of the claims, we must determine the timeliness of the instant PCRA petition because we have no jurisdiction to entertain any review of the claims if the petition is untimely. ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011).

The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b).

Here, the record reflects the judgment of sentence became final on October 10, 1990, *i.e.*, at the expiration of the time for seeking discretionary review in the Pennsylvania Supreme Court.  *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113.  Because Appellant had one year from October 10, 1990 to file his PCRA petition, the current filing is untimely on its face given it was filed on March 19, 2012.

The one-year time limitation can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii). Appellant here alleges the newly discovered evidence exception.[1]  According

---

[1] As we stated in **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010):
*(Footnote Continued Next Page)*

- 4 -

to Appellant, in February 2012, he learned of the witness, who was with Appellant at the time of the crimes, willing to testify Appellant had consumed various narcotic substances on the evening of the homicide. Appellant's Brief at 6; *see also* Trial Court Memorandum and Order, 1/29/14, at 3. Appellant also argues the trial court erroneously relied on the dates provided by the witness for purposes of determining the timeliness of this petition. Appellant's Brief at 7. The trial court noted that the witness stated he met Appellant in 1990 and again in 2011. Based on these allegations, the trial court concluded, "under the 'due diligence' standard . . ., [Appellant] fails to demonstrate any exercise of due diligence in obtaining [the witness]'s testimony in 1990 when he encountered [the witness] or in the years afterwards." Trial Court Memorandum and Order, 1/29/14, at 3. According

_(Footnote Continued)_ ───────────

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); *Commonwealth v. Yarris*, 557 Pa. 12, 29, 731 A.2d 581, 590 (1999). This rule is strictly enforced. *See* **[***Commonwealth v.***] *Vega*, [754 A.2d 714,] 718 (Pa. Super. 2000)]."

*Id.* at 1080.

to Appellant, the mere fact that the witness, in his statement, indicated he met with Appellant in 1990 and 2011, was insufficient to conclude the instant petition was untimely for failure to exercise due diligence. Appellant's Brief at 7, 9. In fact, according to Appellant, the witness's statement contains some misinformation, including the dates and locations where they met. *Id.* The claim is without merit.

The alleged witness to his intoxication was with Appellant at the time of the crime, August 26, 1984, but Appellant, somehow, despite the extensive litigation over the years, never mentioned it until 2012. Additionally, Appellant is not arguing he was not aware of the witness, he simply argues he did not know his true identity. Appellant, however, provided no explanation why he never acted upon this knowledge until 2012. Had he done so, he would have found out the true identity of the witness, and could have pursued his claim in a timely fashion. Appellant, however, took no action for approximately 28 years. Thus, we conclude Appellant failed to demonstrate he exercised due diligence in ascertaining the asserted "newly discovered" witness.

The instant petition is, therefore, untimely and the trial court properly noted it did not have jurisdiction to entertain the petition. *See*, *e.g.*, ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) ("This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions.") (citation omitted). Accordingly, the PCRA court did not err

- 6 -

in denying Appellant's petition as untimely, and did not err by dismissing the petition without a hearing. *See Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008). ("As explained *supra*, we have concluded that [the a]ppellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [the a]ppellant's petition without a hearing.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014